CHRISTINA A. JUMP (D.C. ID No. TX151)
 cjump@clcma.org
SAMIRA S. ELHOSARY (D.C. Bar No. 90013901)
 selhosary@clcma.org
BASEL ALHASAN (D.C. ID No. TX0073)
 balhasan@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AYMAN FAREH SOLIMAN**, an individual residing at 3515 W Fork Rd., Apt 30, Cincinnati, OH 45220<br><br>*Plaintiff,*<br><br>vs.<br><br>**TERRORIST SCREENING CENTER,** 801 Follin Lane SE, Vienna, Virginia, 22180,<br><br>*Defendant.* | CASE NO.: 24-634<br><br><br>CIVIL ACTION<br><br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS

Plaintiff Ayman Soliman ("Plaintiff Soliman" or "Mr. Soliman"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief against Defendant Terrorist Screening Center ("TSC"). Plaintiff Soliman presents the following claims for relief and supporting factual background:

## I. INTRODUCTION

Plaintiff Soliman seeks a declaration from this Court that Defendant TSC's actions violate the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff Soliman asks this Court to declare that Defendant TSC's actions violated FOIA and to enjoin Defendant TSC from withholding responsive records in violation of FOIA.

## II. PARTIES

1. Plaintiff Soliman is an asylee of Egyptian national origin living in Cleveland, Ohio. Through counsel, Plaintiff Soliman submitted a FOIA request to Defendant TSC.

2. Defendant TSC is a federal agency subject to FOIA and has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(f)(1).

## III. JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which states in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

## IV. STATEMENT OF FACTS

5. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

6. Plaintiff Soliman submitted his request to Defendant TSC via U.S. Mail on October 28, 2021.

7. Plaintiff Soliman's FOIA request seeks records about himself held by Defendant TSC in its databases, including nine specific requests.[1]

---

[1] *See* Exhibit A.

8. On June 28, 2022, Plaintiff Soliman sent another FOIA request to Defendant TSC seeking records about himself related to six specific issues.[2]

9. USPS tracking shows that the request was delivered on July 7, 2022.

10. Defendant TSC never acknowledged nor responded to either of Plaintiff Soliman's requests.

11. On September 29, 2022, Plaintiff Soliman's council sent a follow-up letter to the TSC seeking a response to either request.

12. Defendant TSC provided no response nor acknowledgment of that letter.

13. USPS tracking shows that the letter was refused, despite being sent to the same address as the second request described above.

14. FOIA requires federal agencies to respond to statutorily adequate requests for agency records.

15. FOIA defines an agency as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1).

16. Defendant TSC operates in all ways as a federal agency, just as those agencies that recognize themselves as subject to FOIA and its requirements.

17. Despite that, Defendant TSC promulgates no rules governing the "time, place, fees (if any), and procedures to be followed" to submit FOIA requests to the TSC, as required by the statute. 5 U.S.C. § 552(a)(3)(A).

18. Defendant TSC communicated no intent to respond to Plaintiff Soliman's request, as required by statute. 5 U.S.C. § 552(a)(6)(A)(i).

---

[2] *See* Exhibit B.

19. Defendant TSC requested no extensions of time to process Plaintiff Soliman's request, provided no estimated completion date, and provided Plaintiff Soliman with no opportunity to narrow its request if needed, as required by statute. 5 U.S.C. § 552(a)(6)(B)(ii).

20. Defendant TSC provides no contact information for a FOIA Public Liaison, as required by statute. 5 U.S.C. §§ 552 (b)(6)(A)(i), (b)(6)(B)(ii), and (j)(1)(H).

21. As of the filing date of this Complaint, Plaintiff Soliman's FOIA requests to Defendant TSC have been pending for 584 and 419 working days.

22. Plaintiff Soliman has exhausted all available administrative remedies because Defendant TSC has not responded to Plaintiff Soliman's request within the time allotted by the statute. 5 U.S.C. § 552(a)(6)(C)(i).

## V.   CAUSES OF ACTION

**Count I: Violation of FOIA – Unreasonable Agency Delay**

23. Plaintiff Soliman alleges and incorporates by reference all numbered paragraphs above.

24. Defendant TSC is an agency subject to FOIA and its requirements, as described above. 5 U.S.C. § 552(f)(1).

25. An agency subject to FOIA and its requirements must determine within twenty working days whether it will comply with a request and inform the requester of its decision. 5 U.S.C. § 552(a)(6)(A)(i).

26. If the requested records exist, an agency must make them promptly available, subject to enumerated exemptions and exclusions. 5 U.S.C. § 552(a)(3)(A).

27. If no responsive records exist, an agency must so state. 5 U.S.C. § 552(a)(6)(A)(i).

28. Defendant TSC has not responded to Plaintiff Soliman's request for records nor provided him with an estimated completion date.

29. Defendant TSC's actions violate the requirements of FOIA because it failed to respond promptly to Plaintiff Soliman's FOIA request. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i).

30. Plaintiff Soliman has constructively exhausted all applicable administrative remedies available to requesters under FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

31. FOIA deems requesters to have exhausted their administrative remedies when the agency does not "comply with the applicable time limit provisions" of the statute. 5 U.S.C. § 552(a)(6)(C)(i).

32. Plaintiff Soliman is entitled to declaratory and injunctive relief and an order instructing Defendant TSC to process and respond to Plaintiff Soliman's FOIA request and enjoining Defendant TSC from withholding responsive non-exempt records.

**Count II: Violation of FOIA – Wrongful Withholding of Non-Exempt Records**

33. Plaintiff Soliman alleges and incorporates by reference all numbered paragraphs above.

34. Upon information and belief, Defendant TSC possesses and controls records responsive to Plaintiff Soliman's request.

35. Defendant TSC must release all responsive, non-exempt records to Plaintiff Soliman.

36. Agencies subject to FOIA and its requirements bear the burden to provide sufficient justification for all withholdings with specific references to FOIA's applicable exemptions.

37. Agencies subject to FOIA and its requirements must provide all reasonably segregable portions of otherwise exempt records.

38. By failing to respond to Plaintiff Soliman's request, Defendant TSC unlawfully withheld responsive records.

39. Defendant TSC fails to justify its withholding of non-exempt records by failing to respond to Plaintiff Soliman's request.

40. Plaintiff Soliman exhausted all applicable administrative remedies available under FOIA.

41. Plaintiff Soliman is entitled to declaratory and injunctive relief and an order 1) instructing Defendant TSC to respond to Plaintiff Soliman's request for records, 2) justifying its withholding of any responsive records under applicable FOIA exemptions, and 3) enjoining Defendant TSC from withholding responsive records.

**Count V: Declaratory Judgment Act**

42. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

43. Plaintiff Soliman respectfully requests this Court declare Defendant TSC's actions violate the above-listed statutes, pursuant to 28 U.S.C. §§ 2201-2202.[3]

**Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act**

44. Plaintiff Soliman alleges and incorporates all numbered paragraphs above.

45. FOIA permits courts to award reasonable attorneys' fees and costs if the plaintiff substantially prevails. 5 U.S.C. § 552(a)(4)(E)(i).

46. Plaintiff Soliman respectfully requests this Court grant him fees and costs if Plaintiff Soliman substantially prevails under FOIA.

47. The Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides for awarding costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

48. To the extent this Court does not award fees under FOIA, Plaintiff Soliman respectfully requests this Court grant him costs and fees as provided by the EAJA.[4]

---

[3] Plaintiff Soliman recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity of the relief sought, Plaintiff Soliman includes this relief as an enumerated cause of action.

[4] Plaintiff Soliman recognizes that a request for attorneys' fees is not a freestanding cause of action, nor can this Court determine the award before the conclusion of litigation. Plaintiff Soliman includes this enumerated cause of action to clarify and preserve the request.

## VI. PRAYER FOR RELIEF

Plaintiff Soliman prays for judgment in his favor and against Defendant TSC and respectfully requests this Court grant the following relief:

1. Declare that Defendant TSC violated FOIA for its failure to respond to Plaintiff Soliman's request;

2. Enjoin Defendant TSC from withholding non-exempt records responsive to Plaintiff Soliman's FOIA request;

3. Enjoin Defendant TSC to conduct a statutorily adequate search for responsive records;

4. Issue a written finding that the circumstances surrounding the withholdings raise questions about whether agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Retain jurisdiction during the processing of Plaintiff Soliman's request to ensure compliance with this Court's orders;

6. Award Plaintiff Soliman his costs and reasonable fees incurred in this action under FOIA or, in the alternative, the EAJA; and

7. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 5th day of March, 2024.

**/s/ *Christina A. Jump***
Christina A. Jump
(D.C. ID No. TX151)
Samira S. Elhosary
(D.C. Bar No. 90013901)
Basel Alhasan
(D.C. ID No. TX0073)
Constitutional Law Center for Muslims in America*
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
balhasan@clcma.org
*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America*
