UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

     Plaintiff,

                   v.

TERRORIST SCREENING CENTER.,

     Defendant.

Civil Action No. 24-cv-634 (LLA)

# **<u>Exhibit A</u>**



CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

October 28, 2021

Charles H. Kable
Director, Terrorist Screening Center
601 4th St. NW
Washington, DC 20535

Dear Mr. Kable:

Please consider this letter as a written request under the Freedom of Information Act, 5 U.S.C. § 522a. We submit this request on behalf of our client, Ayman Fareh Soliman.

Enclosed is Mr. Soliman's signed Certification of Identity form, DOJ-361, authorizing the release of his personal information to his undersigned attorney. To help identify Mr. Soliman, his date of birth is ⬛FRP 5.2⬛ his place of birth is Giza, Egypt, and his Egyptian passport number is ⬛FRCP 5.2⬛

We request disclosure of the following records prepared, received, transmitted and/or maintained by the Terrorist Screening Center relating to Ayman Fareh Soliman from January 1, 2010 to the present day:

- Records of communications from or to foreign partners about Mr. Soliman, including, but not limited to, biographic, biometric, and derogatory information;
- Records of encounters with Mr. Soliman received by or maintained by TSC;
- Intelligence Information Reports containing information about Mr. Soliman and the accompanying summaries;
- Records of queries by TSC to Fusion Centers about Mr. Soliman and the resulting information received;
- EMA records including information about Mr. Soliman and the accompanying terrorism information;
- Daily Summary Reports containing information about Mr. Soliman;
- Subject Matter Expert (SME) reports and guidance containing information on Mr. Soliman;
- Records of remote queries of the TSDB for Mr. Soliman;
- Records of requests to remove Mr. Soliman from the TSDB received by or maintained by TSC.

If any portion of this request is unclear, we would request and welcome the opportunity to clarify it. We will also welcome discussing a schedule for production.

1



CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

We request that you provide all records electronically in their original file format. If possible, we also request that the records be provided in a text-searchable PDF format, in the best quality possible.

If this request is denied in whole or in part, we request that you please provide sufficient justification for all withholdings by reference to specific exemptions of FOIA along with explanations for the exemption's application to the requested information. Please provide all segregable portions of the otherwise withheld material. We reserve the right to appeal a decision to withhold any information.

Please send all records, as they become available, to the undersigned at cjump@clcma.org. If records are unavailable in electronic format, we ask that you send records to the following address, care of Ms. Christina Jump.

Constitutional Law Center for Muslims in America (CLCMA)
100 N. Central Expressway
Suite 1010
Richardson, TX 75080

We look forward to a response within the statutory period of 20 days and thank you for your assistance.

Sincerely,

Christina Jump
Civil Litigation Department Head
cjump@clcma.org

2

**U.S Department of Justice**

### Certification of Identity



FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  Ayman Fareh Soliman

Citizenship Status [2]  Non-citizen; asylee          Social Security Number [3]  FRCP 5.2

Current Address  3770 Green Hill Ave, Cincinnati, OH 45220

Date of Birth  FRCP 5.2          Place of Birth  Giza, Egypt

### OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Christina Jump, Najmu Mohseen, Attorneys, Constitutional Law Center for Muslims in America

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _____          Date  10/25/2021

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

    Plaintiff,

              v.                            Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

    Defendant.

# **<u>Exhibit B</u>**

----START MESSAGE---- Subject: eFOIA Request Received Sent: 2021-10-28T19:01:06.508769+00:00 Status: pending Message:

## Organization Representative Information

| | |
|---|---|
| Organization Name | Constitutional Law Center for Muslims in America |
| Prefix | |
| First Name | Samira |
| Middle Name | |
| Last Name | Elhosary |
| Suffix | |
| Email | selhosary@clcma.org |
| Phone | |
| Location | United States |

## Domestic Address

| | |
|---|---|
| Address Line 1 | 100 N. Central Expressway |
| Address Line 2 | Suite 1010 |
| City | Richardson |
| State | Texas |
| Postal | 75080 |

## Agreement to Pay

| How you will pay | I am willing to pay additional fees and will enter the maximum amount I am willing to pay in the box below. |
|---|---|
| Allow up to $ | 100 |

## Non-Individual FOIA Request

**Request Information**

· Records of name-based transaction queries by law enforcement personnel made to the FBI's National Crime Information Center about Mr. Soliman including but not limited to:
o Records sent to the FBI by law enforcement personnel about encounters resulting from such queries;
· Records of queries made to the Integrated Automatic Fingerprint Identification System, by both foreign and domestic actors about Mr. Soliman and
o Records maintained or received by the FBI about encounters based on such queries;
· Records of background checks submitted to the National Instant Criminal Background Check System about Mr. Soliman and
o Records maintained or received by the FBI about encounters resulting from such queries;
· Records of encounters and information collected about Mr. Soliman by FBI Field Divisions and Case agents, JTTFs, Airport Liaison Agents and Attaches, Legal Attaches, U.S. Embassies, state and local law enforcement, ICE, and CBP;
· Requests made by TSOU to the FBI about Mr. Soliman;
· Terrorist watchlist nominations for Mr. Soliman sent to NCTC from any DOJ component, including the accompanying derogatory information.

\*\*

Please be advised that efoia@subscriptions.fbi.gov is a no-reply email address. Questions regarding your FOIA request may be directed to foipaquestions@fbi.gov. If you have received a FOIPA request number, please include this in all correspondence concerning your request. Please note eFOIPA requests are processed in the order that they are received. If you have not received a FOIPA request number, your request is in the process of being opened at which time it will be assigned a FOIPA request number and correspondence will be forthcoming.

\*\*

Upon receipt of your FOIPA request number, you may check the status of your FOIPA request on the FBI's electronic FOIA Library (The Vault) on the FBI's public website, http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request tool' link. Status updates are performed on a weekly basis. If you receive a comment that your FOIPA request number was not located in the database, please check back at a later date.

----END MESSAGE----

CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

October 28, 2021

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

Dear FOIA Officer:

Please consider this letter as a written request under the Freedom of Information Act, 5 U.S.C. § 522a. We submit this request on behalf of our client, Ayman Fareh Soliman.

Enclosed is Mr. Soliman's signed Certification of Identity form, DOJ-361, authorizing the release of his personal information to his undersigned attorney. To help identify Mr. Soliman, his date of birth is **FRCP 5.2** his place of birth is Giza, Egypt, and his Egyptian passport number is **FRCP 5.2**

We request disclosure of the following records prepared, received, transmitted and/or maintained by the FBI relating to Ayman Fareh Soliman from January 1, 2010 to the present day:

- Records of name-based transaction queries by law enforcement personnel made to the FBI's National Crime Information Center about Mr. Soliman including but not limited to:
  - Records sent to the FBI by law enforcement personnel about encounters resulting from such queries;
- Records of queries made to the Integrated Automatic Fingerprint Identification System, by both foreign and domestic actors about Mr. Soliman and
  - Records maintained or received by the FBI about encounters based on such queries;
- Records of background checks submitted to the National Instant Criminal Background Check System about Mr. Soliman and
  - Records maintained or received by the FBI about encounters resulting from such queries;
- Records of encounters and information collected about Mr. Soliman by FBI Field Divisions and Case agents, JTTFs, Airport Liaison Agents and Attaches, Legal Attaches, U.S. Embassies, state and local law enforcement, ICE, and CBP;
- Requests made by TSOU to the FBI about Mr. Soliman;
- Terrorist watchlist nominations for Mr. Soliman sent to NCTC from any DOJ component, including the accompanying derogatory information.

1



CONSTITUTIONAL LAW CENTER
for MUSLIMS in AMERICA

If any portion of this request is unclear, we would request and welcome the opportunity to clarify it. We will also welcome discussing a schedule for production.

We request that you provide all records electronically in their original file format. If possible, we also request that the records be provided in a text-searchable PDF format, in the best quality possible.

If this request is denied in whole or in part, we request that you please provide sufficient justification for all withholdings by reference to specific exemptions of FOIA along with explanations for the exemption's application to the requested information. Please provide all segregable portions of the otherwise withheld material. We reserve the right to appeal a decision to withhold any information.

Please send all records, as they become available, to the undersigned at cjump@clcma.org. If records are unavailable in electronic format, we ask that you send records to the following address, care of Ms. Christina Jump.

Constitutional Law Center for Muslims in America (CLCMA)
100 N. Central Expressway
Suite 1010
Richardson, TX 75080

We look forward to a response within the statutory period of 20 days and thank you for your assistance.

Sincerely,

Christina Jump
Civil Litigation Department Head
cjump@clcma.org

**U.S Department of Justice**

# Certification of Identity



FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. **Requests will not be processed if this information is not furnished.** False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] Ayman Fareh Soliman

Citizenship Status [2] Non-citizen; asylee    Social Security Number [3] FRCP 5.2

Current Address 3770 Green Hill Ave, Cincinnati, OH 45220

Date of Birth FRCP 5.2    Place of Birth Giza, Egypt

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Christina Jump, Najmu Mohseen, Attorneys, Constitutional Law Center for Muslims in America

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] *Ayman Soliman*    **Date** 10/25/2021

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

      Plaintiff,

                    v.                      Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

      Defendant.

# **<u>Exhibit C</u>**

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

November 9, 2021

MS. CHRISTINA JUMP
THE CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
SUITE 1010
100 NORTH CENTRAL EXPRESSWAY
RICHARDSON, TX 75080

FOIPA Request No.: 1508332-000
Subject: SOLIMAN, AYMAN FAREH
(ON OR AFTER JANUARY 1, 2010)

Dear Ms. Jump:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.  Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes.   Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☑ You submitted your request via the FBI's eFOIPA system.

    ☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service.  Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

    ☑ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service.   Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable.   If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

    ☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(I).

    ☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(II).

    ☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(ii)(III).

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on **FOIPA Status** and entering your FOIPA Request Number.   Status updates are adjusted weekly.   The status of newly assigned requests may not be available until the next weekly update.   If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
   Dissemination Section
Information Management Division

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

      Plaintiff,

                 v.                          Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

      Defendant.

# **<u>Exhibit D</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 15, 2022

MS. CHRISTINA JUMP
THE CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
SUITE 1010
100 NORTH CENTRAL EXPRESSWAY
RICHARDSON, TX 75080

Request No.: 1508332-000
Subject: SOLIMAN, AYMAN FAREH
(On or after January 1, 2010)

Dear Ms. Jump:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.    Based on the information you provided, we conducted a search of the places reasonably expected to have records. However, we were unable to identify records responsive to your request.   Therefore, your request is being closed.   If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search.

Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request.   If no boxes are checked, the corresponding information does not apply.

☐    Please be advised that your request was reopened based on the additional information you provided.   A new search was conducted, and we were unable to identify responsive records.

☐    Records potentially responsive to your request were destroyed.   Since this material could not be reviewed, it is not known if it was responsive to your request.   Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10.   Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐    Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA).   If you wish to review these records, file a FOIPA request with NARA at the following address:

> National Archives and Records Administration
> Special Access and FOIA
> 8601 Adelphi Road, Room 5500
> College Park, MD 20740-6001

☐    Potentially responsive records were identified during the search.   However, we were advised that they were not in their expected locations.   An additional search for the missing records also met with unsuccessful results.   Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐    The identification records requested are maintained by the FBI's Criminal Justice Information Services (CJIS) Division; therefore, we have forwarded a portion of your request to CJIS for processing.   To check the status of this request, please contact CJIS directly at (304) 625-5590. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐    Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

☐ Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS).   Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

☐ Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR).   In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

*[signature]*

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosures

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)       **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)      **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)       **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)      **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)     **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)       **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)      **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)     **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)     **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

      Plaintiff,

               v.                           Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

      Defendant.

# **<u>Exhibit E</u>**

**FOIPAQUESTIONS**

| | |
|---|---|
| **From:** | FOIPAQUESTIONS |
| **Sent:** | Friday, March 25, 2022 7:44 AM |
| **To:** | 'Samira Elhosary' |
| **Subject:** | RE: FOIA Status Update Request 1508332-000 |

The FBI has received your additional correspondence regarding your Freedom of Information/Privacy Act (FOIPA) request and it has been forwarded to the assigned analyst for review. A new copy is forthcoming.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA 22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

---

**From:** Samira Elhosary <selhosary@clcma.org>
**Sent:** Thursday, March 24, 2022 3:01 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Cc:** Christina Jump <cjump@clcma.org>
**Subject:** [EXTERNAL EMAIL] - Re: FOIA Status Update Request 1508332-000

Thank you for your prompt response. We never received the correspondence responding to our request. Please send another copy of the letter care of Ms. Christina Jump to 100 N. Central Expressway, Suite 1010, Richardson, TX 75080.

Thank you,
Samira Elhosary


**Samira Elhosary** (she/her/hers)

Civil Litigation Fellow

972-914-2507

1

IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** FOIPAQUESTIONS@FBI.GOV <FOIPAQUESTIONS@FBI.GOV>
**Sent:** Thursday, March 24, 2022 1:03 PM
**To:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: FOIA Status Update Request 1508332-000

Good afternoon,

Thank you for contacting foipaquestions@fbi.gov. Correspondence in response to your request was mailed on February 15, 2022 via standard mail.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA 22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

**From:** Samira Elhosary <selhosary@clcma.org>
**Sent:** Wednesday, March 23, 2022 6:07 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Cc:** Christina Jump <cjump@clcma.org>
**Subject:** [EXTERNAL EMAIL] - FOIA Status Update Request 1508332-000

Dear FOIA Office:

We submitted FOIA request number 1508332-000 on October 28, 2022. As you know, under 5 U.S.C. § 552(a)(6)(A)(i) of the Freedom of Information Act, the agency is required to determine within 20 working days whether to comply with the request and immediately notify the requester of its determination along with the reasons for their determination.

In the event of unusual circumstances as described in § 552(a)(6)(B)(i), the agency must notify the requester of the nature of the unusual circumstances, and request (not demand or automatically provide itself with) an extension of no

more than 10 working days. If the agency determines that the request cannot be processed within 30 working days, the agency must inform the requester of this fact and provide the requester an opportunity to narrow the request, with the assistance of a FOIA Public Liaison.

Request 1508332-000 has now been pending for **102 working days**, yet we have been neither informed of any unusual circumstances nor provided with the opportunity to narrow the scope of our request.

Please provide us with an estimated delivery completion date for our request. Alternatively, please contact us to arrange a time to discuss this request with the FOIA Public Liaison in accordance with the relevant statutory requirements. Should we not receive any timely response from you, we will have no choice but to elevate this matter up to and potentially including litigation requesting that a federal court judge enforce this agency's compliance with the obligations of the statutory provisions.

Sincerely,
Samira Elhosary

**Samira Elhosary** (she/her/hers)



Civil Litigation Fellow

100 N. Central Expy, Ste. 1010

Richardson, TX 75080

972-914-2507

selhosary@clcma.org

www.clcma.org

IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

      Plaintiff,

                  v.                        Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

      Defendant.

# __Exhibit F__

FOIA-1
FBI



CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

May 13, 2022

Director, Office of Information Policy
United States Department of Justice
441 G Street NW, 6th Floor
Washington, D.C. 20530

Re: FOIA Appeal, 1508332-000

ATTN Appeals Officer:

We appeal the presumed determination of the above-referenced request. On October 28, 2021, our office requested documents per the Freedom of Information Act about our client, Ayman Soliman, via the FBI's eFOIPA portal.  Subsequently, we received a letter dated November 15, 2021, acknowledging our request and informing us that future correspondence would be sent by mail. We received no additional information, but upon seeing that our request was listed as "closed" on the FBI Vault tool, we contacted the FOIPA office via email on March 23, 2022. The response we received informed us that correspondence about our request was mailed on February 15, 2022. We never received any other mail about our request after the November 15 acknowledgment letter, so we requested another copy and were informed that it was sent. That letter was also never received. Attached is a copy of this correspondence between our office and the FBI FOIA office.

We lodge this appeal within 90 days of the date of the purported decision. Though we remain unaware of the disposition of the request, we appeal to the extent the FOIPA office rendered an adverse judgment or a determination of no records. FOIA gives the requester the right to know the exemptions under which responsive documents are withheld and challenge that determination if necessary (5 U.S.C. § 552 (a)(6)(A)(i)). If records were withheld, which we have no way to know, we would appeal the FBI's failure to indicate under which exemptions they were withheld.

Attached, in addition to the correspondence referenced above, please find a copy of our initial request and an executed DOJ 361 form authorizing the release of Mr. Soliman's information to the undersigned. You may contact me at 972-914-2507 or email me at cjump@clcma.org to discuss this appeal.

Thank you for your consideration.

Sincerely,

Christina Jump
Civil Litigation Department Head
cjump@clcma.org

Samira Elhosary
Civil Litigation Legal Fellow
selhosary@clcma.org

1

RE: FOIA Status Update Request 1508332-000

FOIPAQUESTIONS@FBI.GOV <FOIPAQUESTIONS@FBI.GOV>

Fri 3/25/2022 6:44 AM

To: Samira Elhosary <selhosary@clcma.org>

The FBI has received your additional correspondence regarding your Freedom of Information/Privacy Act (FOIPA) request and it has been forwarded to the assigned analyst for review.   A new copy is forthcoming.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA  22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps    Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

**From:** Samira Elhosary <selhosary@clcma.org>
**Sent:** Thursday, March 24, 2022 3:01 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Cc:** Christina Jump <cjump@clcma.org>
**Subject:** [EXTERNAL EMAIL] - Re: FOIA Status Update Request 1508332-000

Thank you for your prompt response. We never received the correspondence responding to our request. Please send another copy of the letter care of Ms. Christina Jump to 100 N. Central Expressway, Suite 1010, Richardson, TX 75080.

Thank you,
Samira Elhosary

**Samira Elhosary** (she/her/hers)

Civil Litigation Fellow

972-914-2507

IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be

privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** FOIPAQUESTIONS@FBI.GOV <FOIPAQUESTIONS@FBI.GOV>
**Sent:** Thursday, March 24, 2022 1:03 PM
**To:** Samira Elhosary <selhosary@clcma.org>
**Subject:** RE: FOIA Status Update Request 1508332-000

Good afternoon,

Thank you for contacting foipaquestions@fbi.gov. Correspondence in response to your request was mailed on February 15, 2022 via standard mail.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA 22602
O: (540) 868-4593
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at https://vault.fbi.gov/fdps-1/@@search-fdps     Status updates are performed on a weekly basis.

Note:  This is a non-emergency email address.  If this is an emergency, please call 911 directly.  If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

---

**From:** Samira Elhosary <selhosary@clcma.org>
**Sent:** Wednesday, March 23, 2022 6:07 PM
**To:** FOIPAQUESTIONS <FOIPAQUESTIONS@FBI.GOV>
**Cc:** Christina Jump <cjump@clcma.org>
**Subject:** [EXTERNAL EMAIL] - FOIA Status Update Request 1508332-000

Dear FOIA Office:

We submitted FOIA request number 1508332-000 on October 28, 2022. As you know, under 5 U.S.C. § 552(a)(6)(A)(i) of the Freedom of Information Act, the agency is required to determine within 20 working days whether to comply with the request and immediately notify the requester of its determination along with the reasons for their determination.

In the event of unusual circumstances as described in § 552(a)(6)(B)(i), the agency must notify the requester of the nature of the unusual circumstances, and request (not demand or automatically provide itself with) an extension of no more than 10 working days. If the agency determines that the request cannot be processed within 30 working days, the agency must inform the requester of this fact and provide the requester an opportunity to narrow the request, with the assistance of a FOIA Public Liaison.

Request 1508332-000 has now been pending for **102 working days**, yet we have been neither informed of any unusual circumstances nor provided with the opportunity to narrow the scope of our request.

Please provide us with an estimated delivery completion date for our request. Alternatively, please contact us to arrange a time to discuss this request with the FOIA Public Liaison in accordance with the relevant statutory requirements.  Should we not receive any timely response from you, we will have no choice but to elevate this matter up to and potentially including litigation requesting that a federal court judge enforce this agency's compliance with the obligations of the statutory provisions.

Sincerely,
Samira Elhosary

**Samira Elhosary** (she/her/hers)



Civil Litigation Fellow

100 N. Central Expy, Ste. 1010

Richardson, TX 75080

972-914-2507

selhosary@clcma.org

www.clcma.org

IMPORTANT: Emails to clients of this office presumptively and normally contain confidential and privileged material for the sole use of the intended recipient. Emails to non-clients are normally confidential and may be privileged. The use, distribution, transmittal or re-transmittal by an unintended recipient of any communication is prohibited without our express approval in writing or by email. Any use, distribution, transmittal or re-transmittal by persons who are not intended recipients of this email may be a violation of law and is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**CLCMA**  CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

October 28, 2021

Federal Bureau of Investigation
Attn: Initial Processing Operations Unit
Record/Information Dissemination Section
200 Constitution Drive
Winchester, VA 22602

Dear FOIA Officer:

Please consider this letter as a written request under the Freedom of Information Act, 5 U.S.C. §
522a. We submit this request on behalf of our client, Ayman Fareh Soliman.

Enclosed is Mr. Soliman's signed Certification of Identity form, DOJ-361, authorizing the
release of his personal information to his undersigned attorney. To help identify Mr. Soliman, his
date of birth is ▮FRCP 5.2▮ his place of birth is Giza, Egypt, and his Egyptian passport number is
▮FRCP 5.2▮

We request disclosure of the following records prepared, received, transmitted and/or maintained
by the FBI relating to Ayman Fareh Soliman from January 1, 2010 to the present day:

- Records of name-based transaction queries by law enforcement personnel made to the
  FBI's National Crime Information Center about Mr. Soliman including but not limited to:
    - Records sent to the FBI by law enforcement personnel about encounters resulting
      from such queries;
- Records of queries made to the Integrated Automatic Fingerprint Identification System,
  by both foreign and domestic actors about Mr. Soliman and
    - Records maintained or received by the FBI about encounters based on such
      queries;
- Records of background checks submitted to the National Instant Criminal Background
  Check System about Mr. Soliman and
    - Records maintained or received by the FBI about encounters resulting from such
      queries;
- Records of encounters and information collected about Mr. Soliman by FBI Field
  Divisions and Case agents, JTTFs, Airport Liaison Agents and Attaches, Legal Attaches,
  U.S. Embassies, state and local law enforcement, ICE, and CBP;
- Requests made by TSOU to the FBI about Mr. Soliman;
- Terrorist watchlist nominations for Mr. Soliman sent to NCTC from any DOJ component,
  including the accompanying derogatory information.

1

CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

If any portion of this request is unclear, we would request and welcome the opportunity to clarify it. We will also welcome discussing a schedule for production.

We request that you provide all records electronically in their original file format. If possible, we also request that the records be provided in a text-searchable PDF format, in the best quality possible.

If this request is denied in whole or in part, we request that you please provide sufficient justification for all withholdings by reference to specific exemptions of FOIA along with explanations for the exemption's application to the requested information. Please provide all segregable portions of the otherwise withheld material. We reserve the right to appeal a decision to withhold any information.

Please send all records, as they become available, to the undersigned at cjump@clcma.org. If records are unavailable in electronic format, we ask that you send records to the following address, care of Ms. Christina Jump.

Constitutional Law Center for Muslims in America (CLCMA)
100 N. Central Expressway
Suite 1010
Richardson, TX 75080

We look forward to a response within the statutory period of 20 days and thank you for your assistance.

Sincerely,

Christina Jump
Civil Litigation Department Head
cjump@clcma.org

2

**U.S Department of Justice**     **Certification of Identity**     

FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

**Privacy Act Statement. In** accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] Ayman Fareh Soliman

Citizenship Status [2] Non-citizen; asylee     Social Security Number [3] FRCP 5.2

Current Address 3770 Green Hill Ave, Cincinnati, OH 45220

Date of Birth FRCP 5.2     Place of Birth Giza, Egypt

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

Christina Jump, Najmu Mohseen, Attorneys, Constitutional Law Center for Muslims in America

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

**Signature** [4] _Ayman Soliman_     **Date** 10/25/2021

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

     Plaintiff,

              v.

TERRORIST SCREENING CENTER.,

     Defendant.

Civil Action No. 24-cv-634 (LLA)

# **<u>Exhibit G</u>**



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

May 27, 2022

cjump@clcma.org

Dear Christina Jump:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. 1508332 on 05/26/2022.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2022-01414. Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

*Priscilla Jones*

Priscilla Jones
Supervisory Administrative Specialist

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

     Plaintiff,

                    v.                           Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

     Defendant.

# **<u>Exhibit H</u>**



**U.S. Department of Justice**

Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

July 18, 2022

Christina Jump

                                           Re:   Appeal No. A-2022-01414
                                                  Request No. 1508332
cjump@clcma.org                                   DRC:KHK

**VIA: Email**

Dear Christina Jump:

        You appealed on behalf of your client, Ayman Soliman, from the action of the Federal
Bureau of Investigation on your client's Freedom of Information Act (FOIA) request for access
to records concerning your client.  I have construed your appeal as concerning the adequacy of
the FBI's search and the FBI's withholding of responsive records.

        After carefully considering your appeal, I am affirming FBI's action on your client's
request.*  The FBI informed you that it could locate no responsive main file records subject to
the FOIA in its files.  I have determined that the FBI's response was correct and that it
conducted an adequate, reasonable search for records responsive to your request.

         To the extent that your request seeks access to records that would either confirm or deny
an individual's placement on any government watch list, the FBI properly refused to confirm or
deny the existence of any such records because their existence is protected from disclosure
pursuant to 5 U.S.C. § 552(b)(7)(E).  Exemption 7(E) concerns records or information compiled
for law enforcement purposes the release of which would disclose techniques and procedures or
guidelines for law enforcement investigations or prosecutions.  Further, it is reasonably
foreseeable that confirming or denying an individual's placement on any government watch list
would harm the interests protected by this exemption.  See, e.g., Kalu v. IRS, 159 F. Supp. 3d
16, 23 (D.D.C. 2016).  This response should not be taken as an indication that records do or do
not exist.  Rather, this is the standard response made by the FBI.

        It appears that you might be seeking a copy of your FBI identification record or "rap
sheet."  To obtain a copy of your Identity History Summary or "rap sheet," you need to submit a
request via mail or electronically to Criminal Justice Information Services and must include
certain information about yourself as well as your fingerprints and an acceptable form of

payment. The FBI's instructions for making a request for your "rap sheet" can be found here: **https://www.fbi.gov/services/cjis/identity-history-summary-checks**. Department regulations governing "rap sheets" can be found at 28 C.F.R. §§ 16.30-.34 (2021).

Please be advised that this Office's decision was made only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the action of the FBI in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits your client to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; email at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. If you have any questions regarding the action this Office has taken on your appeal, you may contact this Office's FOIA Public Liaison for your appeal. Specifically, you may speak with the undersigned agency official by calling (202) 514-3642.

Sincerely,

X _____
Daniel Castellano

Daniel Castellano,
Associate Chief, for Matthew W. Hurd, Chief,
Administrative Appeals Staff

*Please find enclosed a copy of the FBI's final response.

Enclosure



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 15, 2022

MS. CHRISTINA JUMP
THE CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
SUITE 1010
100 NORTH CENTRAL EXPRESSWAY
RICHARDSON, TX 75080

Request No.: 1508332-000
Subject: SOLIMAN, AYMAN FAREH
(On or after January 1, 2010)

Dear Ms. Jump:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Based on the information you provided, we conducted a search of the places reasonably expected to have records. However, we were unable to identify records responsive to your request. Therefore, your request is being closed. If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search.

Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request. If no boxes are checked, the corresponding information does not apply.

☐ Please be advised that your request was reopened based on the additional information you provided. A new search was conducted, and we were unable to identify responsive records.

☐ Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐ Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA). If you wish to review these records, file a FOIPA request with NARA at the following address:

National Archives and Records Administration
Special Access and FOIA
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001

☐ Potentially responsive records were identified during the search. However, we were advised that they were not in their expected locations. An additional search for the missing records also met with unsuccessful results. Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐ The identification records requested are maintained by the FBI's Criminal Justice Information Services (CJIS) Division; therefore, we have forwarded a portion of your request to CJIS for processing. To check the status of this request, please contact CJIS directly at (304) 625-5590. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐ Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

□    Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS). Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

□    Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR). In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. **"Part 1"** of the Addendum includes standard responses that apply to all requests. **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)     **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)     **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)     **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)    **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

     Plaintiff,

                 v.                      Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER.,

     Defendant.

# <u>Exhibit I</u>



CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

June 28, 2022

Charles H. Kable
Director, Terrorist Screening Center
601 4th St. NW
Washington, DC 20535

Dear Mr. Kable:

We submit this request on behalf of our client Ayman Fareh Soliman, under the Freedom of Information Act, 5 U.S.C. § 552a.

Enclosed, please find Mr. Soliman's signed Certification of Identity form DOJ-361, authorizing the release of his personal information to the undersigned. To aid in identifying Mr. Soliman, please also note his date of birth of ███FRCP 5.2███

We request disclosure of the following records created or maintained by the Terrorist Screening Center ("TSC") relating to Ayman Fareh Soliman, from January 1, 2010 until the day this request is processed:

- The entirety of any file about Mr. Soliman maintained in the Terrorist Screening Dataset ("TSDS") and its predecessor, the Terrorist Screening Database ("TSDB"), including the record history and any archived TSDS/TSDB records;
- Records of communications between the TSC and Egyptian partners regarding Mr. Soliman;
- Records of remote queries of the TSDS/TSDB regarding Mr. Soliman;
- Records regarding Mr. Soliman maintained in the Encounter Management Application ("EMA"), including but not limited to records created or received on the following dates:
  - ○ 06/25/2019; 07/03/2019; 10/04/2019; 10/18/2019; 10/22/2019; 11/18/2019; 12/02/2019; 12/17/2019; 02/08/2021;
- Records of queries by TSC to Fusion Centers regarding Mr. Soliman and the resulting information received;
- Records of requests to remove Mr. Soliman from the TSDS/TSDB received by or maintained by TSC.

If you find any portion of this request unclear, we welcome the opportunity to clarify. We also welcome the opportunity to discuss a schedule for producing responsive documents if needed.

Please provide all records electronically in their original file format. We further request the Agency provide records in text-searchable PDF format.

Please provide all segregable portions of any withheld material. We reserve the right to appeal any decision to withhold any information.

Please send all records, as they become available, to the undersigned at cjump@clcma.org. If records are unavailable in electronic format, please send them care of Ms. Christina Jump at the following address:

Constitutional Law Center for Muslims in America
100 N. Central Expressway
Suite 1010
Richardson, TX 75080

We look forward to a timely response, consistent with the Agency's obligations under FOIA. Thank you for your assistance.[1]

Sincerely,

Christina Jump
Civil Litigation Department Head
cjump@clcma.org

Samira Elhosary
Civil Litigation Legal Fellow
selhosary@clcma.org

Enclosure:   Form DOJ-361 signed by Ayman Soliman

---

[1] *See* 5 U.S.C. § 552(f)(1) (defining agency as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency…"); *compare* U.S. Dep't of Justice, *Fact Sheet: The Terrorist Screening Center*, https://www.justice.gov/archive/opa/pr/2003/September/03_ag_505factsheet.htm (last visited June 01, 2022) (describing that "the FBI will administer the TSC" and "[t]he Department of Homeland Security, the Department of State, and others will coordinate with" the TSC, each of which qualifies as an "agency" under the definition provided in the FOIA).

2

U.S Department of Justice     **Certification of Identity** 

FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]   **Ayman Fareh Soliman**

Citizenship Status [2] **Non-citizen; asylee**     Social Security Number [3] FRCP 5.2

Current Address **3770 Green Hill Ave, Cincinnati, OH 45220**

Date of Birth FRCP 5.2     Place of Birth **Giza, Egypt**

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Christina Jump, Najmu Mohseen, Attorneys, Constitutional Law Center for Muslims in America**

**Print or Type Name**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. Section 552a(i)(3) by a fine of not more than $5,000.

Signature [4] _Ayman Soliman_     Date **10/25/2021**

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

     Plaintiff,

                 v.

TERRORIST SCREENING CENTER.,

     Defendant.

Civil Action No. 24-cv-634 (LLA)

# **<u>Exhibit J</u>**



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 26, 2022

MS. CHRISTINA JUMP
THE CONSTITUTIONAL LAW CENTER FOR MUSLIMS IN AMERICA
SUITE 1010
100 NORTH CENTRAL EXPRESSWAY
RICHARDSON, TX 75080

Request No.: 1508332-001
Subject: SOLIMAN, AYMAN FAREH
(On or after January 1, 2010)

Dear Ms. Jump:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Based on the information you provided, we conducted a main and reference entity record search of the Central Records System (CRS) per our standard search policy. However, we were unable to identify records subject to the FOIPA that are responsive to your request. Therefore, your request is being closed. If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search. For more information about records searches and the standard search policy, see the enclosed FBI FOIPA Addendum General Information Section.

Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request. If no boxes are checked, the corresponding information does not apply.

☑ Please be advised that your request was reopened based on the additional information you provided. A new search was conducted, and we were unable to identify responsive records subject to the FOIPA that are responsive to your request.

☐ Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐ Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA). If you wish to review these records, file a FOIPA request with NARA at the following address:

        National Archives and Records Administration
        Special Access and FOIA
        8601 Adelphi Road, Room 5500
        College Park, MD 20740-6001

☐ Potentially responsive records were identified during the search. However, we were advised that they were not in their expected locations. An additional search for the missing records also met with unsuccessful results. Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐ The identification records requested are maintained by the FBI's Criminal Justice Information Services (CJIS) Division; therefore, we have forwarded a portion of your request to CJIS for processing. To check the status of this request, please contact CJIS directly at (304) 625-5590. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐    Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

☐    Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS).   Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

☐    Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR).   In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

> National Archives and Records Administration
> ATTN: Archival Programs
> P.O. Box 38757
> St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).   The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.   Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.   If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."   Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

*Michael G. Seidel*

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Enclosures

### FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i)      **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)     **Intelligence Records.**   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i)      **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)     **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)    **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i)      **Record Searches and Standard Search Policy.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems, such as the Central Records System (CRS), or locations where responsive records would reasonably be found.   The CRS is an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. The standard search policy is a search for main entity records in the CRS. Unless specifically requested, a standard search does <u>not</u> include a search for reference entity records, administrative records of previous FOIPA requests, or civil litigation files.

> a.   *Main Entity Records* – created for individuals or non-individuals who are the subjects or the focus of an investigation
> b.   *Reference Entity Records*- created for individuals or non-individuals who are associated with a case but are not known subjects or the focus of an investigation

(ii)     **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)    **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

    Plaintiff,

                v.

TERRORIST SCREENING CENTER.,

    Defendant.

Civil Action No. 24-cv-634 (LLA)

# **<u>Exhibit K</u>**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

      Plaintiff,

              v.                              Civil Action No. 24-cv-634 (LLA)

TERRORIST SCREENING CENTER,

      Defendant.

## DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

1.      I am the Section Chief of the Record/Information Dissemination Section (RIDS), Information Management Division (IMD), Federal Bureau of Investigation (FBI), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was Assistant Section Chief of RIDS from June 2016 to July 2020; Unit Chief, RIDS Litigation Support Unit, from November 2012 to June 2016; and Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act (FOIA) Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act (FOIPA) litigation cases nationwide. Prior to joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration (DEA), from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIPA matters and served as agency counsel representing the DEA in FOIPA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various assignments from 1994 to September 2006 culminating in my assignment as Chief, General

1

Litigation Branch, U.S. Army Litigation Division, where I oversaw FOIPA litigation for the U.S. Army. I am an attorney licensed in the State of Ohio and the District of Columbia.

2.    In my official capacity as Section Chief of RIDS, I supervise approximately 238 FBI employees, supported by approximately 82 contractors, who staff a total of nine (9) Federal Bureau of Investigation Headquarters (FBIHQ) units and two (2) field operational service center units whose collective mission is to effectively plan, develop, direct, and manage responses to requests for access to FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007, the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974; Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 13526, 75 Fed. Reg. 707 (Jan. 5, 2010), and the preparation of declarations in support of Exemption 1 claims asserted by the FBI under the FOIA. The Section Chief, RIDS, has been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 13526, §§ 1.3 and 3.1, respectively. The statements contained in this declaration are based on my personal knowledge, information provided to me in my official capacity, and conclusions and determinations reached and made in accordance therewith.

3.    Because of the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. I am aware of the FBI's standard position to neither confirm nor deny the existence of certain categories of unacknowledged records: intelligence records, watch list records, Witness Security Program

2

records, and Confidential Informant Records.

4.    The FBI submits this supplemental declaration to provide justification for the FBI's standard position to neither confirm nor deny the existence of unacknowledged records within the following categories: national security or foreign intelligence records pursuant to FOIA Exemption 1 and Exemption 3, in conjunction with 50 U.S.C. § 3024(i)(1); records that would identify any individual in the Witness Security Program pursuant to FOIA Exemption 3 and 18 U.S.C. § 3521; records that would identify any individual on a watchlist pursuant to FOIA Exemption 7(E); and records, the release of which could reasonably be expected to endanger the life or physical safety of a confidential human source (CHS) pursuant to FOIA Exemptions 7(D), 7(E), and 7(F).

**THE FBI'S DUAL LAW ENFORCEMENT AND INTELLIGENCE MISSIONS**

5.    The FBI's mission is to "[p]rotect the American people and uphold the Constitution of the United States." *See* the FBI's mission statement at http://www.fbi.gov/about/mission. The FBI's mission priorities include: protecting the United States from terrorist attacks; protecting the United States against foreign intelligence, espionage, and cyber operations; combating significant cybercriminal activity; combating public corruption at all levels; protecting civil rights; combating transnational criminal enterprises; combating significant white-collar crime; and combating significant violent crime. *Id*. Pursuant to 28 U.S.C. §§ 533, 534, and Executive Order 12,333 as implemented by the Attorney General's Guidelines for Domestic FBI Operations (AGG-DOM) and 28 C.F.R. § 0.85, the FBI is the primary investigative agency of the federal government with authority and responsibility to investigate all violations of federal law not exclusively assigned to another agency, to conduct investigations and activities to protect the United States and its people from terrorism and threats to the national security, and to further the foreign intelligence objectives of the United States.

## CONSISTENT ASSERTION OF STANDARD *GLOMAR* RESPONSES

6.      The FBI relies on a *Glomar* response to FOIPA requests when acknowledging the existence or non-existence of certain categories of responsive records would result in harm to an interest protected by one or more FOIA exemptions.[1] To be credible and effective, the FBI must assert a *Glomar* response regardless of whether responsive records exist (i.e., including when the FBI does not possess responsive records). If the FBI invoked a *Glomar* response only when it possesses responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist.

## INTELLIGENCE *GLOMAR*

7.      To the extent this request may implicate classified or unclassified intelligence records and acknowledging the existence or non-existence of such records would harm an interest protected by the FOIA, a *Glomar* response pursuant to Exemptions 1 and/or 3, in conjunction with the National Security Act of 1947 [5 U.S.C. §§ 552(b)(1), (b)(3) and/or 50 U.S.C. § 3024(i)(1)], is applicable. The FBI asserts a standard *Glomar* response to neither confirm nor deny the existence of classified or unclassified records about certain subjects, because the fact that classified or unclassified records exist or do not exist is exempt from disclosure pursuant to FOIA Exemptions 1 and/or 3. The FBI asserts this standard response for such requests, regardless of whether the FBI located other responsive records.[2] The FBI's

---

[1] The term "*Glomar*" refers to the subject of a FOIA request submitted to the CIA. The requester sought information concerning a ship named the *Glomar Explorer* and the CIA refused to confirm or deny its knowledge of the *Glomar* vessel, because to do so would compromise the national security or divulge intelligence sources and methods. *Phillippi v. CIA*, 655 F.2d 1325 (D.C. Cir. 1981).

[2] The FBI's addendum, attached to FBI response letters, notifies requesters that the FBI routinely asserts a standard *Glomar* response pursuant to FOIA Exemptions 1 and/or 3, as applicable, in conjunction with the National Security Act of 1947 [5 U.S.C. §§ 552(b)(1), (b)(3) and/or 50

justification for invoking a standard *Glomar* response in response to FOIPA requests is provided in more detail below.

*Glomar of Intelligence Activities, Sources, and Methods*

8.    The FBI consistently neither confirms nor denies the existence of records related to the national security or foreign intelligence pursuant to FOIA Exemptions 1 and 3, as applicable [5 U.S.C. §§ 552(b)(1), (b)(3) and 50 U.S.C. § 3024(i)(1), as applicable]. The FBI invokes the Exemption 1 and 3 *Glomar* response to protect certain records the FBI may or may not have compiled while carrying out its responsibilities to investigate threats to the national security and to gather foreign intelligence. Confirming or denying the existence of such records could reveal the existence or non-existence of certain intelligence-related investigations and intelligence activities, sources and methods, including foreign activities, sources, and methods, the disclosure of which reasonably could be expected to cause damage to the national security of the United States. The types of records that typically fall under this *Glomar* response may include, but are not limited to, national security investigative files pertaining to, for example, terrorism or counterintelligence; documents containing information regarding sensitive methods and techniques, such as surveillance targeting acknowledged subjects of national security interest; documents containing information regarding non-public national security related intelligence programs or events; and documents pertaining to non-public joint intelligence community (IC) assessments concerning threats to the national security of the United States. Due to the sensitivity and potentially classified nature of this information, should the Court request

---

U.S.C. § 3024(i)(1)], as to the existence or non-existence of classified or unclassified intelligence records pertaining to the subject of the FOIA request, because acknowledging the existence or non-existence of classified or unclassified records in the context of the specific subject requested would harm an interest protected by the FOIA. This standard notice also includes *Glomar* responses applicable to other types of requests, which also apply to Plaintiff's request and are discussed later in this declaration.

additional information the FBI can submit a classified *in camera* declaration to the Court. As noted above, the *Glomar* response is a standard response not intended to indicate that certain national security, intelligence related, or similar types of records do or do not exist.

9.    To the extent Plaintiff's request seeks records, the existence or non-existence of which would reveal intelligence such as national security, intelligence-related, or similar types of records, the FBI's *Glomar* response is justified, because the existence or non-existence of responsive records is classified in the interest of national security and/or protected by statute, particularly the National Security Act of 1947 (50 U.S.C. § 3024 (i)(1)).

*FOIA Exemption 1: Classified Information*

10.    FOIA Exemption 1 protects records that are: "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1).

11.    The FBI is bound by Executive Order 13526 which currently governs classification.[3] It provides for the protection of intelligence activities, sources, and methods. Executive Order 13526 § 1.4(c). Moreover, Executive Order 13526 explicitly authorizes an agency to use a *Glomar* response in this type of situation. Specifically, section 3.6(a) provides that, "[a]n agency may refuse to confirm or deny the existence or non-existence of requested records whenever the fact of their existence or nonexistence is itself classified under this order or

---

[3] Executive Order 13526 § 1.1(a) provides that information may be originally classified only if all the following conditions are met: (1) an original classification authority is classifying the information; (2) the information is owned by, produced by or for, or is under the control of the U.S. Government; (3) the information falls within one or more of the categories of information listed in § 1.4 of Executive Order 13526; and (4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, and the original classification authority is able to identify or describe the damage.

its predecessors." *Id.* at § 3.6(a).

12.     Records responsive to this request, if any, would necessarily be held by the FBI, and would therefore be "owned by, produced by or for, or … under the control of the United States Government." *Id.* at § 1.1(a)(2). The existence or non-existence of such records "pertains to . . . intelligence activities" or "intelligence sources or methods." *Id.* at § 1.4(c). An intelligence activity or method includes any intelligence action or technique utilized by the FBI or other IC member against a targeted individual or organization determined to be of national security interest, and includes any procedure, such as engaging a source, utilized to obtain information concerning such individual or organization. An intelligence activity or method has two characteristics. First, the intelligence activity or method, and information generated by it, is needed by United States intelligence agencies to carry out their respective missions. Second, confidentiality must be maintained with respect to the use or non-use of the activity or method, including the use of an intelligence source, if the viability, productivity, and usefulness of the activity or method are to be preserved.

13.     Intelligence activities and methods, including sources must be protected from disclosure in every situation, particularly when the intelligence activity or method, including a source, or its specific use, is not known to the individual or organization against which it is deployed, since the individual or organization could take countermeasures to diminish or nullify its effectiveness. Generally, intelligence activities and methods are valuable only as long as they remain unknown. Once an intelligence activity or method (or the fact of its use or non-use in a certain situation) is discovered, its continued successful use is seriously jeopardized. In the case of intelligence sources, disclosure can result in threats to the source's life and safety, as well as that of the source's family and others close to the source.

14.    The U.S. Government must do more than prevent disclosure of direct references to intelligence activities and methods, it must also prevent indirect references to them. One vehicle for gathering information about the U.S. Government's capabilities is to review official information. Terrorists, terrorist organizations, and other hostile foreign intelligence groups have the capacity and ability to gather information from myriad sources, analyze it, and deduce means and methods from disparate details to defeat the utility of a particular activity or method. Thus, even seemingly innocuous, indirect references to an intelligence activity or method could have significant adverse effects when juxtaposed with publicly available information.

15.    Acknowledging the existence or non-existence of records responsive to a request pertaining to intelligence activities or methods could confirm or refute the FBI's reliance on a particular intelligence activity or method, which could, in turn, reveal non-public information regarding the nature of the FBI's intelligence interests and priorities, along with its intelligence activities, and methods—information that is desired by hostile actors who seek to thwart the ability of the FBI to gather intelligence. Accordingly, to confirm or deny that the FBI possesses records responsive to a request related to the FBI's intelligence function risks compromising intelligence activities and methods, including sources, and thus poses at least a serious risk to the national security of the United States.

16.    The determination that the existence or non-existence of the requested records is classified has not been made to conceal violations of law, inefficiency, or administrative error; to prevent embarrassment to a person, organization, or agency; to restrain competition; or to prevent or delay the release of information that does not require protection in the interests of national security.

*FOIA Exemption 3 and the National Security Act of 1947 (50 U.S.C. § 3024(i)(1))*

17.    FOIA Exemption 3 protects matters "specifically exempted from disclosure by

statute . . . if that statute . . . (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the Open FOIA Act of 2009, specifically cites to this paragraph." 5 U.S.C. § 552(b)(3). Here, the statute on which the FBI relies is the National Security Act of 1947 (NSA of 1947), as amended by the Intelligence Reform and Terrorism Prevention Act of 2004 (IRTPA). This statute provides that the Director of National Intelligence (DNI) "shall protect intelligence sources and methods from unauthorized disclosure."[4] As relevant to 5 U.S.C. § 552(b)(3)(B), the National Security Act of 1947 was enacted before the date of enactment of the OPEN FOIA Act of 2009. On its face, the NSA of 1947 leaves no discretion to agencies to withhold or not information about intelligence sources and methods from the public. Thus, the protection afforded to intelligence sources and methods by 50 U.S.C. § 3024(i)(1) is absolute. *See CIA v. Sims*, 471 U.S. 159 (1985).

18.     To fulfill its obligation to protect intelligence sources and methods, the DNI is authorized to establish and implement guidelines for the IC for the classification of information under applicable law, executive orders, or other presidential directives, for access to and dissemination of intelligence, and for the preparation of intelligence products. *See* 50 U.S.C. § 3024(i)(2). In implementing this authority, the DNI promulgated Intelligence Community Directive (ICD) 700, which provides that IC elements shall protect "national intelligence and intelligence sources, methods and activities from unauthorized disclosure."[5] The FBI is one of 18

---

[4] Section 102A(i)(1) of the National Security Act was previously codified at 50 U.S.C. § 403(i)(1). As a result of the reorganization of Title 50 of the U.S. Code, Section 102A(i)(1) is now codified at 50 U.S.C. § 3024(i)(1).

[5] Intelligence Community Directive (ICD), dated June 7, 2012, at ¶ E.2.a.

member agencies comprising the IC and, as such, must protect intelligence sources and methods.

19.     As described above, Congress enacted the NSA of 1947, as amended by the IRTPA, to protect the IC's sources and methods of gathering intelligence. The statute makes no distinction between source and method information classified under Executive Order 13526 and source and method information that is unclassified. The disclosure of the existence or non-existence of a national security investigation could reasonably be expected to result in harm to the national security, because disclosure would provide adversaries with valuable insight into the FBI's investigative efforts. Armed with this information, adversaries could use the information to devise more effective counter-surveillance techniques to shield their activities from detection. Disclosure would also permit hostile governments to appraise the scope, focus, location and capabilities of the FBI's intelligence-gathering methods and activities and allow hostile agents to devise countermeasures to circumvent them. In sum, the disclosure of this type of information could reasonably be expected to cause serious damage or even exceptionally grave damage to the national security, as it would (a) reveal actual intelligence sources and methods utilized by the FBI against specific targets; (b) disclose the intelligence-gathering capabilities of such sources and methods; and (c) provide an assessment of the ability of such sources and methods to obtain information on a specific target during a specific period of time, thus severely disrupting the FBI's intelligence-gathering capability. Therefore, the FBI is prohibited from disclosing the existence or non-existence of such information pursuant to 50 U.S.C. § 3024(i)(1). Accordingly, to the extent Plaintiff's request seeks records on intelligence sources or methods, the National Security Act of 1947, in conjunction with Exemption 3, provides an additional and independent basis for the FBI's *Glomar* response to neither confirm nor deny the existence of any such records.

## WITNESS SECURITY PROGRAM *GLOMAR*

*Exemption 3 and 18 U.S.C. § 3521(b)(1)(G)*

20.    In requests seeking records concerning an individual, the FBI can neither confirm

nor deny the existence of records which could identify a participant in the Witness Security

Program pursuant to FOIA Exemption 3 and Privacy Act Exemption (j)(2) [5 U.S.C. § 552 (b)(3)

and 5 U.S.C. § 552a (j)(2)]. Information concerning the Witness Security Program is protected

by statute, specifically 18 U.S.C. § 3521(b)(1)(G), which states that the Attorney General may,

by regulation:

> disclose or refuse to disclose the identity or location of the person relocated or protected,
> or any other matter concerning the person or program after weighing the danger such a
> disclosure would pose to the person, the detriment it would cause to the general
> effectiveness of the program, and the benefit it would afford to the public or to the person
> seeking disclosure.

By memo dated April 29, 2003, then Attorney General John Ashcroft promulgated regulations

stating that, pursuant to 18 U.S.C. §§ 3521(b)(1) and (3), as now implemented by 28 C.F.R. §

0.111B(b), and A.G. Order No. 2511-2001, no agency, entity, or person associated with the

program is permitted to release any information concerning the operations of the federal Witness

Security Program or its participants. These restrictions on the release of information pertain to

information regarding current and former protected witnesses, even if the release would be to the

witness, and they pertain to information regarding deceased witnesses.

21.    As relevant to 5 U.S.C. § 552(b)(3)(B), 18 U.S.C. §3521[6] is a statute enacted

before the date of enactment of the Open FOIA Act of 2009. The FBI has no discretion to

disclose such information.[7] To publicly identify the existence of witness protection in the context

---

[6] 18 U.S.C. § 3521 was enacted on October 12, 1984.

[7] The Open FOIA Act of 2009 was enacted on October 28, 2009. *See* Pub. L. 111-83, 123 Stat.
2142, 2184.

of a particular request would indicate the presence of Witness Protection Program information in responsive records, thus revealing information that is statutorily prohibited from being disclosed. The mere acknowledgment of the existence or non-existence of such records in the context of and in response to a particular request triggers foreseeable harm to the operations of the federal Witness Security Program and its participants. Accordingly, when the FBI receives a request for records on an individual pursuant to the Privacy Act or the FOIA, the FBI consistently neither confirms nor denies the existence of Witness Security Program records, because to be credible and effective, the FBI must use this *Glomar* response in all such cases regardless of whether responsive records actually exist or not. If the FBI only invoked a *Glomar* response when it actually possessed responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist. This *Glomar* response is a standard response to requests to the FBI seeking records on an individual, regardless of whether the requester asks for Witness Security Program-related records and regardless of whether the individual is living or deceased.

22.    To the extent the request seeks records on an individual, the FBI can neither confirm nor deny the existence of any such records because the very existence or non-existence of this information is exempt from disclosure pursuant to FOIA Exemption (b)(3) in conjunction with 18 U.S.C. § 3521.

## WATCH LIST INFORMATION *GLOMAR*

23.    The FBI can neither confirm nor deny the existence of an unacknowledged individual's name on a watch list pursuant to FOIA Exemption 7(E) and, in instances where a requester seeks records on themselves, Privacy Act Exemption (j)(2) [5 U.S.C. § 552 (b)(7)(E) and 5 U.S.C. § 552a (j)(2)]. When the FBI receives a request for records on an individual pursuant to the Privacy Act or the FOIA, the FBI consistently neither confirms nor denies the existence of watchlist records in all such requests. This *Glomar* response is a standard response

12

to requests to the FBI seeking records on an individual, regardless of whether the individual is living. The FBI's standard response should not be read to indicate that watchlist records exist because to be credible and effective, the FBI must assert this *Glomar* response in all such cases regardless of whether responsive records actually exist. If the FBI only invoked a *Glomar* response when it actually possesses responsive records, the *Glomar* response would be interpreted as an admission that responsive records exist.

FOIA EXEMPTION 7(E)

24.    FOIA Exemption 7(E) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information … would disclose techniques and procedures for law enforcement investigations or prosecutions … if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). As a threshold matter, the existence or non-existence of watchlist information meets Exemption 7's requirement of being "compiled for law enforcement purposes," because the FBI is the primary investigative agency of the federal government with authority to conduct investigations and activities to protect the United States and its people from terrorism and threats to national security, and further the foreign intelligence objectives of the United States. The FBI's records concerning terrorist watchlists were compiled and created in furtherance of the FBI's law enforcement and national security functions, and information contained on terrorist watchlists is used to enable the FBI to perform its core law enforcement and national security related duties.

25.    Disclosure of the existence or non-existence of watchlist records in response to a request for records on an individual "would disclose techniques and procedures for law enforcement investigations" and "disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). If an individual knows who is or is not on a watchlist, they

13

can understand what types of behavior are pertinent to placement on a watch list. This knowledge would allow criminals to develop countermeasures to conceal their activities and thwart efforts to combat crime and protect the national security of the United States. Confirming that an individual is on a watchlist would reasonably be expected to compromise investigative operations because it would induce the individual to flee, hide or destroy evidence, and/or change their behaviors to avoid detection. Confirming that an individual is not on a watchlist could embolden a criminal to continue his/her activities and encourage other criminals to follow a similar path shown to avoid detection. This, in turn, would enable the targets of the watchlist to circumvent the ability of the FBI to effectively use this important law enforcement technique, therefore allowing circumvention of the law.

26.    The FBI asserts this standard *Glomar* response to all requests for records on an individual, because given the sensitive information contained in the watch list, the mere acknowledgment of the existence or non-existence of responsive records would trigger harm to an interest protected by FOIA Exemption 7(E).

## CONFIDENTIAL HUMAN SOURCE RECORDS *GLOMAR*

27.    The FBI can neither confirm nor deny the existence of unacknowledged records or information compiled for law enforcement purposes, concerning the use of confidential human sources (CHS) in the context of a specific investigation. The fact of the existence or non-existence of information about a CHS or the FBI's CHS program, is exempt pursuant to FOIA Exemptions (b)(7)(D), (b)(7)(E), and (b)(7)(F). 5 U.S.C. §§ 552(b)(7)(D), (b)(7)(E), (b)(7)(F).

### FOIA EXEMPTION 7(D)

28.    Exemption (b)(7)(D) protects records or information compiled for law enforcement purposes when disclosure "could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private

institution which furnished information on a confidential basis, and, in the case of a record or

information compiled by a criminal law enforcement authority in the course of a criminal

investigation or by an agency conducting a lawful national security intelligence investigation,

information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D).

29.     In response to a request for records concerning an individual, the FBI cannot

confirm nor deny the existence of any records that would disclose the fact that an individual is or

was a CHS, without proof that the individual was officially confirmed to be an FBI CHS by the

FBI or DOJ. Accordingly, the FBI relies on a standard *Glomar* response pursuant to FOIA

Exemption (b)(7)(D) so as not to acknowledge the existence or non-existence of such records.

Doing otherwise jeopardizes the FBI's confidential sources and CHS program. If the FBI

responded substantively when the individual is not, in fact, a CHS, but refused to confirm

whether responsive records exist when the individual is a source, the harm from such disclosure

is two-fold. First, disclosure would endanger FBI CHSs as the FBI's FOIA responses would

create a pattern whereby criminals could easily discern who is and is not an FBI CHS. This

would expose FBI CHSs to reprisal, in many forms, by those on whom they provided

information and others who may think negatively of their cooperation with the FBI. Second, it

would indicate an unwillingness on the part of the FBI to take appropriate measures to ensure the

safety and confidentiality of its CHSs. This would dissuade current and future sources from

providing critical, law enforcement relevant information to the FBI. Accordingly, the FBI must

rely on a *Glomar* response in any instance in which a requester seeks records on an individual.

30.     In requests seeking records on an individual, where the requester has not provided

any documentation to suggest that the FBI has officially acknowledged that the individual is a

CHS, the FBI must refuse to confirm or deny whether or not responsive records exist. The FBI

does this in any instance when records about an unacknowledged CHS could be implicated, to prevent harm to CHSs individually and to the CHS program overall.

FOIA EXEMPTION 7(E)

31.     Disclosure of the existence of records concerning CHSs in response to a particular request would not only be an unwarranted personal privacy and potentially disclose the identity of or information provided by (outside of its investigative use) a CHS, it could reveal non-public investigative strategies and the scope of intelligence available to the FBI, and could provide criminals with information the analysis of which would result in the detection of CHSs and reduce the ability of the FBI to utilize CHSs in the future. Additionally, publicizing the circumstances in which CHSs are utilized and when they are not utilized, would reduce the likelihood of cooperation of current and future CHSs because it would become easier for criminals to identify CHSs in specific circumstances. Criminals could aggregate information about the specific situations when the FBI chooses to employ CHSs to develop a road map of the FBI's CHS-related strategies, capabilities, and vulnerabilities, and use that information to create countermeasures to thwart the use of CHSs in similar situations. Such actions would damage the FBI's ability to collect valuable human intelligence information and reduce the overall effectiveness of the FBI's CHS program. Therefore, the FBI asserts a standard *Glomar* response in all such requests, neither confirming nor denying whether CHS records exist in response to a request for records on an individual, pursuant to FOIA Exemption 7(E).

FOIA EXEMPTION 7(F)

32.     FOIA Exemption 7(F) permits the withholding of "records or information compiled for law enforcement purposes…the production of [which]…could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F).

33.     The FBI asserts a *Glomar* response as to the existence or non-existence of records

16

that would endanger the life or physical safety of a CHS. Experience has shown that when identifying information concerning a CHS becomes known, that disclosure places the CHS in a particularly vulnerable position and subjects the CHS to violent retaliation through physical harm or even death. Therefore, the FBI asserts a standard *Glomar* response in all such requests for the records on an individual, neither confirming nor denying whether CHS records exist pursuant to FOIA Exemption 7(F).

## CONCLUSION

34.     To the extent the request at issue in this litigation implicates records that could reveal the existence of unacknowledged intelligence records, watchlist records, Witness Security Program records, or CHS records, the FBI can neither confirm nor deny the existence or non-existence of such records because to do so would reveal classified or unclassified intelligence sources and methods, disclose statutorily protected information, disclose the identity of or endanger the life or physical safety of a CHS, or disclose non-public sensitive FBI techniques, information which the very existence of is exempt pursuant to FOIA Exemptions 1, 3, 7(D), 7(E), and 7(F).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25ᵗʰ day of July 2024.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia