IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AYMAN FAREH SOLIMAN**, *Plaintiff,* v. **TERRORIST SCREENING CENTER**, *Defendant.* | **Civil Action No.:** 1:24-cv-00634-LLA |

**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... ii

TABLE OF AUTHORITIES .................................................................................................... iii

I.   INTRODUCTION ........................................................................................................ 1

II.  FACTS AND PROCEDURAL HISTORY .................................................................. 1

III. STANDARD OF REVIEW .......................................................................................... 2

IV.  ARGUMENT ................................................................................................................ 3

   A.   Defendant TSC Qualifies as an Agency Under FOIA .......................................... 3

   B.   Defendant TSC Fails to Fulfill its FOIA Obligations ........................................... 5

   C.   Defendant TSC Unreasonably Delayed its Response to Plaintiff's FOIA Requests ........... 5

   D.   Defendant TSC Wrongfully Withheld Records from Plaintiff ............................ 6

   E.   The FBI's Response Does Not Fulfill Defendant TSC's FOIA Obligations ....... 6

V.   CONCLUSION ............................................................................................................. 7

CERTIFICATE OF SERVICE ................................................................................................. 8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*
  447 U.S. 242 (1986) ............................................................................................................. 2

*Argyle Sys. v. IRS*
  No. 21-16, 2022 U.S. Dist. LEXIS 173056 (D.D.C. Sept. 25, 2022) .................................... 3

*Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*
  No. 19-2267 (LLA), 2024 U.S. Dist. LEXIS 148172 (D.D.C. Aug. 20, 2024) ..................... 3

*Citizens for Resp. & Ethics in Wash. v. Off. of Admin.*
  559 F. Supp. 2d 9 (D.D.C. 2008) .......................................................................................... 3

*Elec. Priv. Info. Ctr. v. Nat'l Sec. Comm'n on A.I.*
  466 F. Supp. 3d 100 (D.D.C. 2020) ...................................................................................... 3

*HIRECounsel DC, LLC v. Connolly*
  No. 20-3337 (LLA), 2024 U.S. Dist. LEXIS 134835 (D.D.C. July 31, 2024) ...................... 2

*James Madison Project v. CIA*
  344 F. Supp. 3d 380 (D.D.C. 2018) ...................................................................................... 2

*Knight First Amend. Inst. at Columbia Univ. v. CIA*
  11 F.4th 810 (D.C. Cir. 2021) ............................................................................................... 6

*Prop. of People v. Dep't of Just.*
  405 F. Supp. 3d 99 (D.D.C. 2019) ........................................................................................ 3

*Schuff Steel Co. v. Bosworth Steel Erectors, Inc.*
  No. 18-cv-435 (TSC), 2024 U.S. Dist. LEXIS 29169 (D.D.C. Feb. 21, 2024) ..................... 2

*Wolf v. CIA*
  473 F.3d 370 (D.C. Cir. 2007) .............................................................................................. 6

*Woods v. Dep't of Just.*
  968 F. Supp. 2d 115 (D.D.C. 2013) ...................................................................................... 2

**Statutes**

5 U.S.C. § 552 *et. seq* ..................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 56 ................................................................................................................... 2

## I. INTRODUCTION

Plaintiff Ayman Soliman ("Plaintiff" or "Mr. Soliman") respectfully submits this Motion for Summary Judgment and asks this Court to grant summary judgment for Mr. Soliman based on Defendant Terrorist Screening Center's ("Defendant" or "TSC") wrongful delay and withholdings in violation of the Freedom of Information Act ("FOIA"). Defendant TSC qualifies as an agency under the FOIA's definition, but failed to meet its obligations under the statute. Defendant TSC's complete lack of response to Plaintiff's FOIA requests leaves no genuine issue of material fact whether Defendant TSC violated the statute. Therefore, Plaintiff Soliman respectfully requests this Court grant summary judgment in his favor.

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Soliman, through counsel, submitted two FOIA requests to Defendant TSC via U.S. mail. Plaintiff's Complaint for Declaratory and Injunctive Relief, ECF No. 1 ("Compl."), at ¶¶ 6, 8. To date, Defendant TSC has not acknowledged or responded to Mr. Soliman's requests. *Id.* ¶ 10. Defendant acknowledges receipt of two requests Mr. Soliman sent to non-party Federal Bureau of Investigation ("FBI") but disregards that those requests were separate from the requests sent directly to Defendant TSC. Answer to Plaintiff's Complaint, at ¶ 1, ECF No. 7 ("Answer"). Plaintiff also sent a follow-up letter seeking confirmation of his requests and information about their processing, but the USPS tracking information shows that the letter was rejected, and Plaintiff received no response. Compl. ¶¶ 11-13.

Plaintiff filed his Complaint in this matter on March 5, 2024, naming only the Terrorist Screening Center as the defendant. ECF No. 1. Defendant filed its answer on April 11, 2024, ostensibly on behalf of the FBI despite no change in the named parties. ECF No. 7. On April 15, 2024, this Court ordered the parties to meet and confer and file a Joint Status Report. ECF No. 8.

1

The parties conferred via email and ultimately filed separate status reports, due solely to disagreement about the named defendant in this case. Defendant filed its Motion for Summary Judgment on August 12, 2024. ECF No. 13. Plaintiff now timely files his Cross-Motion for Summary Judgment.

### III.    STANDARD OF REVIEW

A reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. When parties file cross-motions, courts review each motion separately in the light most favorable to the non-moving party to determine whether the moving party is entitled to judgment under the standard from Rule 56. *Schuff Steel Co. v. Bosworth Steel Erectors, Inc.*, Civil Action No. 18-cv-435 (TSC), 2024 U.S. Dist. LEXIS 29169, at *5 (D.D.C. Feb. 21, 2024). The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact. *Id.* Material facts are those that can impact the outcome of the case. *HIRECounsel DC, LLC v. Connolly*, Civil Action No. 20-3337 (LLA), 2024 U.S. Dist. LEXIS 134835, at *8 (D.D.C. July 31, 2024). A dispute is genuine only where a reasonable fact-finder could find for the non-moving party. *James Madison Project v. CIA*, 344 F. Supp. 3d 380, 386 (D.D.C. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)).

In FOIA cases, a district court reviews the record *de novo*. *Woods v. Dep't of Just.*, 968 F. Supp. 2d 115, 120 (D.D.C. 2013) (citing 5 U.S.C. § 552(a)(4)(B)). Agencies maintain the burden to sustain their FOIA responses with affidavits or declarations that "describe the justifications for nondisclosure with reasonably specific detail." *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, Civil Action No. 19-2267 (LLA), 2024 U.S. Dist. LEXIS 148172, at *8 (D.D.C. Aug. 20, 2024). Courts construe all underlying facts and inferences in favor of the FOIA requestor. *Prop.*

*of People v. Dep't of Just.*, 405 F. Supp. 3d 99, 110 (D.D.C. 2019). Courts should also construe FOIA exemptions narrowly, consistent with FOIA's presumption in favor of disclosure. *Argyle Sys. v. IRS*, No. 21-16, 2022 U.S. Dist. LEXIS 173056, at *6 (D.D.C. Sept. 25, 2022). Finally, if a court determines an agency improperly withheld records and "issues a written finding that the circumstances surrounding the withholding raise questions about whether agency personnel acted arbitrarily or capriciously with respect to the withholding," a special counsel may investigate and determine whether the failure warrants any disciplinary action. 5 U.S.C. § 552(a)(4)(F)(i).

## IV.   ARGUMENT

### A.   Defendant TSC Qualifies as an Agency Under FOIA

FOIA clearly defines an "agency" subject to its obligations, and Defendant TSC meets that definition. An "agency" subject to FOIA includes "any executive department, military department, Government corporation, Government controlled corporation, or any other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Congress amended FOIA in 1974 to specifically expand the definition of agencies subject to FOIA obligations. *Elec. Priv. Info. Ctr. v. Nat'l Sec. Comm'n on A.I.*, 466 F. Supp. 3d 100, 107 (D.D.C. 2020) (explaining that some authorities may be an "agency" for the purposes of FOIA, even if not considered an "agency" under other statutes). Even if technically termed a sub-agency, an entity with substantial independent authority may still face separate FOIA obligations. *Citizens for Resp. & Ethics in Wash. v. Off. of Admin.*, 559 F. Supp. 2d 9, 24 (D.D.C. 2008) (holding an entity that exerts only administrative responsibilities is not subject to FOIA, while an entity with substantive responsibilities may be subject to FOIA). Courts may analyze the organization's founding documents, as well as the responsibilities the organization "actually undertakes." *Id.* Many

agencies that recognize themselves as subject to FOIA also house sub-agencies that <u>also</u> recognize themselves to be subject to FOIA.[1] Defendant TSC is one of those agencies.

The president created the Terrorist Screening Center in 2003 via Homeland Security Presidential Directive-6 ("HSPD-6"). *See* Overview of the U.S. Government's Watchlisting Process and Procedures, at 1-2, *Soliman v. Mayorkas*, No. 1:22-cv-00079-ABJ (D.D.C. Apr. 18, 2022), ECF No. 13-1 ("Watchlisting Overview").[2] That creation intended to establish an organization to consolidate the various watchlists used across the U.S. government, through the joint effort of multiple existing government agencies. *Id.* Initially, the TSC had limited operations and used personnel assigned from different agencies, including the FBI and DHS, to maintain a 24/7 call center that screened individuals "with ties to terrorism." U.S. DEP'T OF JUST. OFF. OF THE INSPECTOR GEN. AUDIT DIV., AUDIT REPORT 05-27, REVIEW OF THE TERRORIST SCREENING CENTER, AT IV (JUNE 2005) ("TSC Audit").[3] Presently, the TSC maintains permanent staff, operates the only consolidated watchlist used by federal and state agencies, and possesses the authority to modify or remove a record (and therefore an individual) from the watchlist. Watchlisting Overview at 5; *see also* Letter from Senator Elizabeth Warren *et al.* to Attorney General Merrick Garland *et al.*, ("Warren Letter") at 3 (Dec. 20, 2023), located at https://www.warren.senate.gov/imo/media/doc/2023.12.20%20Terrorism%20Watchlist%20Letter.pdf (expressing concerns about the constitutionality of the TSC). The TSC possesses substantial independent authority to control the terrorist watchlist sufficient to make it an "establishment of

---

[1] *See generally FOIA Contact Information*, DEP'T HOMELAND SEC. (Oct. 4, 2024), https://www.dhs.gov/foia-contact-information (listing contact information to submit a FOIA request to the main DHS Privacy Office, as well as other sub-agencies with separate FOIA obligations).
[2] Attached hereto as Exhibit A.
[3] Excerpts of which are attached hereto as Exhibit B.

the executive branch" pursuant to FOIA's definition. 5 U.S.C. § 552(f)(1). Therefore, the TSC is an agency subject to the obligations and requirements of FOIA.

**B.      Defendant TSC Fails to Fulfill its FOIA Obligations**

Despite meeting the definition of an agency subject to the obligations of FOIA, Defendant TSC failed to meet its statutorily required obligations. The TSC does not promulgate rules governing the "time, place, fees (if any), and procedures to be followed" to submit a FOIA request to the TSC. *But see* 5 U.S.C. § 552(a)(3)(A). It provides no contact information for a FOIA Public Liaison, as required by the statute. *Contrast* 5 U.S.C. §§ 552(b)(6)(A)(i), (b)(6)(B)(ii), (j)(1)(H). It neither communicated an intent to respond to Plaintiff Soliman's FOIA request nor sought an extension of time to process that request. Compl. ¶¶ 18-19; *contrast* 5 U.S.C. §§ 552(a)(6)(A)(i), (a)(6)(B)(ii). Defendant denies it qualifies as an agency subject to FOIA, but merely its own self-serving conclusion does not negate that it operates in all ways as an agency fitting the definition described above. Answer ¶ 2. No genuine issue of material fact remains that the TSC is an agency subject to the requirements of FOIA and that it therefore failed to meet its obligations as set forth in the statute.

**C.      Defendant TSC Unreasonably Delayed its Response to Plaintiff's FOIA Requests**

To date, Defendant TSC has provided no response to Plaintiff's two FOIA requests, sent in October 2021 and July 2022. This unjustifiable delay violates FOIA's requirement that an agency respond to a reasonable request for agency records within twenty working days. 5 U.S.C. § 552(a)(6)(A). In "unusual circumstances" <u>and</u> upon written notice to the requester, the agency may take an additional ten working days to respond to the request. *Id.* § 552(a)(6)(B). If the agency cannot process the request within that extended thirty-day time frame, the agency must offer the requester the opportunity to limit the scope of its request or arrange for an alternative processing time frame. *Id.* § 552(a)(6)(B)(ii). Defendant TSC did none of the above. Plaintiff Soliman

5

received no communication from Defendant TSC about his requests, or his follow-up communication. Compl. ¶¶ 10, 12. No genuine issue of material fact exists that Defendant TSC wrongfully delayed its response to Plaintiff, in violation of FOIA's requirements.

### D. Defendant TSC Wrongfully Withheld Records from Plaintiff

Defendant TSC provided Plaintiff no records responsive to his requests. FOIA authorizes the withholding of otherwise responsive records only under a limited set of circumstances. 5 U.S.C. § 552(b)(1)-(9) (listing the exemptions to FOIA production). When an agency withholds responsive records, it must identify the existence of each record and provide "specific, non-conclusory justifications for withholding that information." *Knight First Amend. Inst. at Columbia Univ. v. CIA*, 11 F.4th 810, 813 (D.C. Cir. 2021). An agency may refuse to confirm or deny the existence of certain responsive information where "'the fact of the existence or nonexistence of agency records' itself falls within a FOIA exemption." *Id*. (quoting *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007)). In either situation, the agency must provide a written response to the requester, explaining its determination and the reasons supporting that determination as well as the requester's appeal and other rights. 5 U.S.C. § 552(a)(6)(A)(i). By failing to respond to Plaintiff's requests at all, Defendant TSC necessarily fails to justify any withholding of otherwise responsive records. No genuine issue of material fact remains that Defendant TSC violated FOIA by wrongfully withholding responsive records.

### E. The FBI's Response Does Not Fulfill Defendant TSC's FOIA Obligations

Defendant TSC's Answer only addresses FOIA request that Plaintiff Soliman sent to the FBI, not the two requests he sent to the TSC. This response does not suffice to address Plaintiff's requests to Defendant TSC. Plaintiff acknowledges he sent a separate FOIA request to the FBI, but that request is not the subject of this lawsuit. Upon this Court's directive that the parties meet and confer and file a Joint Status Report, Defendant TSC informed Plaintiff's counsel that

Defendant TSC considered the FBI's standard search and response sufficient to meet its obligations. ECF No. 9 at 2. Plaintiff's counsel requested Defendant TSC produce, at a minimum, a declaration delineating what searches the FBI conducted pursuant to Plaintiff's request to the FBI and what searches it conducted in response to Plaintiff's requests to the TSC; Defendant TSC (and the FBI) declined to do so. *Id.* Without at least that declaration, neither Plaintiff Soliman nor this Court can evaluate the adequacy of the FBI as it might pertain to the requests Plaintiff Soliman sent to the TSC. Plaintiff Soliman therefore respectfully requests this Court grant summary judgment to him in full.

## V.     CONCLUSION

Plaintiff Soliman establishes his entitlement to both declaratory and injunctive relief based on Defendant TSC's failure to meet its obligations to him as required by FOIA. Defendant TSC failed to respond to Plaintiff's requests completely, for more than two years. Plaintiff Soliman therefore seeks a declaratory ruling from this Court that Defendant TSC violated the clear language of FOIA. Plaintiff Soliman also seeks injunctive relief from this Court, by way of an order that Defendant TSC respond in full—and directly—to Plaintiff Soliman's requests. Finally, Plaintiff Soliman requests that this Court rule that Defendant TSC "acted arbitrarily and capriciously with respect to the withholding." 5 U.S.C. § 552(a)(4)(F)(i). Plaintiff Soliman respectfully asks this Court to grant his Motion for Summary Judgment in full and provide him the relief he seeks, for the reasons stated above.

Respectfully submitted this 11th day of October, 2024.

*/s/ Christina A. Jump*
Christina A. Jump
D.C. ID. TX151
Samira Elhosary
D.C. Bar No. 90013901
Jinan Chehade
D.C. ID IL0131
Constitutional Law Center
for Muslims in America*
100 N. Central Expressway, Ste. 1010
Richardson, TX 75080
Tel: (972) 914-2507
Fax: (972) 692-7454
cjump@clcma.org
selhosary@clcma.org
jinan.chehade@mlfa.org
*Attorneys for Plaintiff*

*The Constitutional Law Center for Muslims in America
is the legal division of the Muslim Legal Fund of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Christina A. Jump*
Christina A. Jump
*Attorney for Plaintiff*
