UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AYMAN FAREH SOLIMAN,

       Plaintiff,

    v.

TERRORIST SCREENING CENTER,

       Defendant.

Civil Action No. 24-0634 (LLA)

**COMBINED REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S CROSS-MOTIONFOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION .......................................................................**Error! Bookmark not defined.**

ARGUMENT .................................................................................................................. 1

   I.   The Bureau Conducted an Adequate Search for Potentially Responsive Records ............. 1

   II.   The Bureau's *Glomar* Responses Are Appropriate and Should Be Upheld ................... 4

CONCLUSION.............................................................................................................. 6

# TABLE OF AUTHORITIES

**Pages**

**Cases**

*Agility Pub. Warehousing Co. K.S.C. v. Nat'l Sec. Agency*,
   113 F. Supp. 3d 313 (D.D.C. 2015) ............................................................ 2

*Am. Chem. Council, Inc. v. HHS*,
   922 F. Supp. 2d 56 (D.D.C. 2013) ............................................................. 5

*Bigwood v. Dep't of Def.*,
   132 F. Supp. 3d 124 (D.D.C. 2015) ............................................................ 2

*Cato Institute v. FBI*,
   Civ. A. No. 20-3338 (JEB) ...................................................................... 8

*Davis v. Dep't of Justice*,
   460 F.3d 92 (D.C. Cir. 2006) ................................................................... 5

*Elec. Priv. Info. Ctr. v. NSA*,
   678 F.3d 926 (D.C. Cir. 2012) ............................................................... 10

*Freedom Watch, Inc. v. NSA*,
   197 F. Supp. 3d 165 (D.D.C. 2016) .......................................................... 11

*Heffernan v. Azar*,
   317 F. Supp. 3d 94 (D.D.C. 2018) ............................................................ 2

*Johnson v. Exec. Office for U.S. Att'ys*,
   310 F.3d 771 (D.C. Cir. 2002) ................................................................. 2

*Judicial Watch v. Dep't of Justice*,
   Civ. A. No. 22-5209, 2023 WL 4397354 (D.C. Cir. July 7, 2023)........................... 9

*Judicial Watch, Inc. v. Dep't of State*,
   177 F. Supp. 3d 450 (D.D.C. 2016) ........................................................... 5

*Kalu v. IRS*,
   159 F. Supp. 3d 16 (D.D.C. 2016) ............................................................ 9

*Lee v. Geren*,
   480 F. Supp. 2d 198 (D.D.C. 2007) .......................................................... 10

*Liberation Newspaper v. Dep't of State*,
   80 F. Supp. 3d 137 (D.D.C. 2015) ............................................................ 2

*SafeCard Servs. Inc. v. SEC*,
   926 F.2d 1197 (D.C. Cir. 1991) ............................................................... 7

*Smith v. Nat'l Archives and Records Admin.*,
   415 F. Supp. 3d 85 (D.D.C. 2019) ........................................................... 11

*Voinche v. FBI*,
   412 F. Supp. 2d 60 (D.D.C. 2006) ........................................................... 11

*Watkins Law & Advocacy, PLLC v. Dep't of Veterans Affairs*,
   Civ. A. No. 17-1974 (ABJ) ..................................................................... 5

*Weisberg v. Dep't of Just.*,
   705 F.2d 1344 (D.C. Cir. 1983) ............................................................... 8

*Wilbur v. CIA*,
   355 F.3d 675 (D.C. Cir. 2004) ................................................................. 5

*Wolf v. CIA*,
   473 F.3d 370 (D.C. Cir. 2007) ................................................................. 9

**Statutes**

5 U.S.C. § 552 ........................................................................................................... 1

18 U.S.C. § 3521 ..................................................................................................... 10

50 U.S.C. § 3024(i)(1) ........................................................................................... 10

Defendant Federal Bureau of Investigation (the "Bureau" or "FBI") respectfully submits the following combined reply in further support of its motion for summary judgment ("Def.'s Mot.," ECF No. 13) and memorandum in opposition to Plaintiff's Cross-Motion for Summary Judgment ("Pl.'s Mot.," ECF No. 16) in this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

**ARGUMENT**

## I.    The Terrorist Screening Center is Not Subject to Obligations Under the FOIA Separate and Apart from the Bureau.

As an initial matter, Plaintiff's Cross-Motion for Summary Judgment relies on one false premise that the "[Terrorist Screening Center] qualifies as an agency subject to obligations under FOIA separate and apart from the [Bureau]." Pl. Mot. at 4. It is undisputed that the Terrorist Screening Center is subject to the FOIA. Plaintiff's belief, however, that FOIA requires each individual office subject to the FOIA to respond separately to a FOIA request is not supported by either the statute or case law, including the case law cited by Plaintiff.

A proper FOIA request must be made in accordance with an agency's "published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The Department of Justice (the "Department") has promulgated regulations governing requests for the Bureau's records, which specify that the Department "has a decentralized system for responding to FOIA requests, with each component designating a FOIA office to process records from that component." 28 C.F.R. § 16.3(a)(1). In pertinent part, the regulations require individuals to submit FOIA requests directly to "the FOIA office of the component" which, in this case, is the Bureau's Record/Information Dissemination Section, Records Management Division.   *See* 28 C.F.R. § 16.3(a) and Appendix 1; *see also* https://www.fbi.gov/how-we-can-help-you/more-fbi-services-

and-information/freedom-of-information-privacy-act/requesting-fbi-records (last visited on October 22, 2024).

Here, the Bureau has clarified in the Declaration of Michael G. Seidel (ECF No. 13-3, "Seidel Decl.") that "[the Terrorist Screening Center] is a subcomponent of the [Bureau]" and that the Bureau handles all FOIA requests submitted to the Terrorist Screening Center. *Id*. ¶ 22. Plaintiff has not adduced any reason or evidence to justify controverting the Seidel Declaration's representations regarding the Terrorist Screening Center's status, *see generally* Pl.'s Mot, and the Seidel Declaration is entitled to a presumption of good faith. *See infra*. Moreover, that the Terrorist Screening Center is a component of the Bureau is even confirmed in the case law of this Circuit. *See*, *e.g.*, *Abdellatif v. Dep't of Homeland Sec.*, 109 F.4th 562, 564 (D.C. Cir. 2024) (stating that the Terrorist Screening Center "is a component of the [Bureau].").

Accordingly, the Court should deny of Plaintiff's Cross-Motion for Summary Judgment because it is not supported by any evidence and because it is based upon a confused interpretation of what the FOIA requires from government agencies.

## II.    __The Bureau Conducted an Adequate Search for Potentially Responsive Records__

Fundamentally, Plaintiff challenges the adequacy of the Bureau's search solely on the grounds that the Seidel Declaration is supposedly insufficiently detailed. *See* ECF No. 15 ("Pl.'s Opp'n") at 10-12.

However, "[i]n general, a FOIA petitioner cannot dictate the search terms for his or her FOIA request." *Bigwood v. Dep't of Def.*, 132 F. Supp. 3d 124, 140 (D.D.C. 2015). The agency retains "discretion in crafting a list of search terms that they believe[ ] to be reasonably tailored to uncover documents responsive to the FOIA request." *Agility Pub. Warehousing Co. K.S.C. v. Nat'l Sec. Agency*, 113 F. Supp. 3d 313, 339 (D.D.C. 2015) (internal quotation marks omitted). "Where

the agency's search terms are reasonable, the Court will not [micromanage or] second guess the agency regarding whether other search terms might have been superior." *Liberation Newspaper v. Dep't of State*, 80 F. Supp. 3d 137, 146–47 (D.D.C. 2015); *see also Johnson v. Exec. Off. for U.S. Att'ys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case-specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the court should attempt to micromanage the executive branch."). "The plaintiff's insistence on its own preferred search terms does not undermine the reasonableness of the [FBI's] search terms." *Heffernan v. Azar*, 317 F. Supp. 3d 94, 108 (D.D.C. 2018) (citing *Agility*, 113 F. Supp. 3d at 339).

Here, as detailed in its opening brief and the Seidel Declaration, the Bureau queried its Central Records System for the terms "Soliman, Ayman," "Ayman, Fareh," "Fareh, Soliman," "Ayman Soliman," "Fareh Ayman," and "Soliman Fareh" to locate any records potentially responsive to the FOIA request at issue. Def.'s Mot. at 9. This search reasonably could be expected to locate responsive records to the extent that any exist, because such an automated search of Sentinel would "provide access to a comprehensive, agency-wide set of indexed data on a broad array of investigative and administrative subjects and consist of millions of searchable records that are updated daily with newly indexed information." Seidel Decl. ¶ 22. Even though he insists, in an entirely conclusory fashion, that the Bureau's search was inadequate, "Plaintiff has provided no information for [the Bureau] to reasonably conclude that records responsive under the [FOIA] would reside outside of the [Central Records System" and "[t]here is no indication from the [Central Records System] search efforts that responsive records would reside in any other [Bureau] system or location." *Id*. ¶ 25. Accordingly, because no genuine dispute exists regarding whether the Bureau's search was adequate, the Court should reject Plaintiff's claim that the Bureau's search

was inadequate. The Bureau conducted an adequate search for records that was reasonably calculated to uncover all relevant documents. *Weisberg v. Dep't of Just.*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Summary judgment in the Bureau's favor is therefore warranted.

**III.    The Bureau's *Glomar* Responses Are Appropriate and Should Be Upheld.**

Plaintiff challenges the Bureau's use of standard *Glomar* language in this matter, again asserting that language used in the Seidel Declaration was insufficiently descriptive. Pl.'s Opp'n. at 12-15. To the contrary: the Bureau has invoked standard *Glomar* responses that, by definition, do not acknowledge the existence or non-existence of any responsive records because "to answer the FOIA inquiry would cause harm cognizable under" the FOIA exemptions relied upon by the Bureau. *See Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007); *see also* Seidel Decl. ¶¶ 26-29; *see also id.* at Ex. K ¶¶ 6-33. And another court in this District has previously recognized the risk of "differential treatment" of FOIA requests such as Plaintiff's: "Were the [Bureau] to abandon its even-handed *Glomar* response, more information would land in the public domain from which individuals could inductively piece together what types of activities or behaviors may or may not attract the watchful eye of the federal government." *Kalu v. IRS*, 159 F. Supp. 3d 16, 23 (D.D.C. 2016). Mindful of that risk, the Court should affirm the Bureau's invocation of a *Glomar* response in this case.

Further, "[i]n *Glomar* cases, courts may grant summary judgment on the basis of agency affidavits that contain 'reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith.'" *Elec. Priv. Info. Ctr. v. NSA*, 678 F.3d 926, 931 (D.C. Cir. 2012). Here, the Bureau has provided a detailed declaration explaining each of its *Glomar* responses on Exemptions 1, 3, 7(D), 7(E), and 7(F), to neither confirm nor deny the existence of records in four

categories: national security or foreign intelligence records pursuant to FOIA Exemption 1 and Exemption 3, in conjunction with 50 U.S.C. § 3024(i)(1); records that would identify any individual in the Witness Security Program pursuant to FOIA Exemption 3 and 18 U.S.C. § 3521; records that would identify any individual on a watchlist pursuant to FOIA Exemption 7(E); and records, the release of which could reasonably be expected to endanger the life or physical safety of a confidential human source pursuant to FOIA Exemption 7(D), 7(E), and 7(F). *See generally* Seidel Decl., Ex. K; *see also* Def.'s Mot. at 10–16 (discussing each exemption's application to the Bureau's *Glomar* response). The comprehensive declaration submitted as support for the Bureau's *Glomar* responses here provides the "logical or plausible" bases for invoking each FOIA exemption. *See, e.g.*, *Smith v. Nat'l Archives & Records Admin.*, 415 F. Supp. 3d 85, 94 (D.D.C. 2019) (finding the level of detail provided in the agency's declaration sufficient "to support a *Glomar* response"). Additionally, "[t]he presumption of good faith accorded to agency affidavits "cannot be rebutted 'purely by speculative claims about the existence and discoverability of other documents." *Smith*, 415 F. Supp. 3d at 94 (quoting *SafeCard*, 926 F. 2d 1197, 1200); *see Voinche v. FBI*, 412 F. Supp. 2d 60, 72 (D.D.C. 2006) (awarding summary judgment to the Bureau where plaintiff "presented no actual evidence refuting any statements made by the FBI, but rather mere assertions that the FBI may possess additional information in addition to that already disclosed"). Where "the [agency's] declarations sufficiently demonstrate the adequacy of defendants' search and the propriety of their decision to withhold certain material pursuant to specified exemptions," a plaintiff's "conclusory, self-serving . . . declaration . . . is woefully inadequate to create a genuine dispute of fact[.]" *Freedom Watch, Inc. v. NSA*, 197 F. Supp. 3d 165, 176 (D.D.C. 2016).

Thus, the Court should therefore uphold the Bureau's *Glomar* response and award the Bureau's motion for summary judgment.

## CONCLUSION

For the reasons stated above, the Bureau respectfully requests that the Court grant summary

judgment in its favor and deny Plaintiff's cross-motion for summary judgment.

Dated: November 12, 2024          Respectfully submitted,
       Washington, DC

                                      MATTHEW M. GRAVES, D.C. Bar #481052
                                      United States Attorney

                                      BRIAN P. HUDAK
                                      Chief, Civil Division


                                    By:      */s/ Fithawi Berhane*
                                          FITHAWI BERHANE
                                        Assistant United States Attorney
                                        601 D Street, NW
                                        Washington, DC 20530
                                        Tel: 202-252-6653
                                        Fithawi.Berhane@usdoj.gov

                                    *Attorneys for the United States of America*