**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AYMAN FAREH SOLIMAN,<br>*Plaintiff*,<br>v.<br>THREAT SCREENING CENTER,<br>*Defendant*. | Civil Action No. 24 - 634 (LLA) |

**ORDER**

Plaintiff Ayman Fareh Soliman filed this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, suit against the Threat Screening Center ("TSC") in March 2024, alleging that the TSC failed to respond to his October 2021 and June 2022 FOIA requests. ECF No. 1 ¶¶ 6-8, 28, 38. In March 2025, the court granted the TSC's motion for summary judgment and denied Mr. Soliman's cross-motion for summary judgment. ECF Nos. 21, 22. Mr. Soliman appealed, ECF No. 23, and in April 2026, the D.C. Circuit remanded the record for this court to clarify two issues and to request a supplemental declaration from the TSC. ECF No. 25. This order responds to the Circuit's record remand order.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following facts are relevant in response to the questions posed by the D.C. Circuit in its remand order. Mr. Soliman is an Egyptian asylee who lives in Cleveland, Ohio. ECF No. 1 ¶ 1. In October 2021, he submitted a FOIA request to the TSC, seeking the following records about himself:

> Records of communications from or to foreign partners about Mr. Soliman, including, but not limited to, biographic, biometric, and derogatory information;
>
> Records of encounters with Mr. Soliman received by or maintained by TSC;
>
> Intelligence Information Reports containing information about Mr. Soliman and the accompanying summaries;
>
> Records of queries by TSC to Fusion Centers about Mr. Soliman and the resulting information received;
>
> EMA records including information about Mr. Soliman and the accompanying terrorism information;
>
> Daily Summary Reports containing information about Mr. Soliman;
>
> Subject Matter Expert (SME) reports and guidance containing information on Mr. Soliman;
>
> Records of remote queries of the TSDB for Mr. Soliman; [and]
>
> Records of requests to remove Mr. Soliman from the TSDB received by or maintained by TSC.

ECF No. 1-5, at 1; *see* ECF No. 1 ¶¶ 6-7; ECF No. 13-4, at 2.[1] Mr. Soliman simultaneously filed a FOIA request with the FBI's Record/Information Dissemination Section ("RIDS"), seeking additional records about himself:

> Records of name-based transaction queries by law enforcement personnel made to the FBI's National Crime Information Center about Mr. Soliman including but not limited to: Records sent to the FBI by law enforcement personnel about encounters resulting from such queries;
>
> Records of queries made to the Integrated Automatic Fingerprint Identification System, by both foreign and domestic actors about Mr. Soliman and Records maintained or received by the FBI about encounters based on such queries;

[1] When citing ECF Nos. 13-4 and 25, the court refers to the CM/ECF-generated numbers at the top of each page.

> Records of background checks submitted to the National Instant Criminal Background Check System about Mr. Soliman and Records maintained or received by the FBI about encounters resulting from such queries;
>
> Records of encounters and information collected about Mr. Soliman by FBI Field Divisions and Case agents, JTTFs, Airport Liaison Agents and Attaches, Legal Attaches, U.S. Embassies, state and local law enforcement, ICE, and CBP;
>
> Requests made by TSOU to the FBI about Mr. Soliman; [and]
>
> Terrorist watchlist nominations for Mr. Soliman sent to NCTC from any DOJ component including the accompanying derogatory information.

ECF No. 13-4, at 8-9.

Upon receipt, the FBI combined the October 2021 TSC and RIDS requests into one request for processing. ECF No. 13-3 ¶ 6. In November 2021, the FBI notified Mr. Soliman that the "request ha[d] been received at FBI Headquarters for processing" and that the agency had assigned it a case number (No. 1508332-000). ECF No. 13-4, at 12. The FBI also explained that "[f]uture correspondence about [his] request w[ould] be sent [via] standard mail" because the request did not comply with the agency's electronic FOIA terms of service. *Id.*

In February 2022, the FBI informed Mr. Soliman by letter that it had "conducted a search of the places reasonably expected to have records [but was] unable to identify records responsive to [his] request." *Id.* at 15. Additionally, in its standard "FBI FOIPA Addendum,"[2] the agency explained that it could neither confirm nor deny the existence of records—what is known as a *Glomar* response—related to certain classes of information, including "intelligence sources, methods, or activities," "[w]atch [l]ists," "[w]itness [s]ecurity program[s]," and "[i]ncarcerated

[2] "FOIPA" is the FBI's way of referring to requests brought under FOIA and/or the Privacy Act, which are processed similarly. *See* ECF No. 13-4, at 17.

[i]ndividuals," based on FOIA Exemptions 1, 3, 7(D), 7(E), and 7(F). *Id.* at 17-18; *see* 5 U.S.C. § 552(b).

In March 2022, Mr. Soliman, through counsel, requested a status update on FOIA request No. 1508332-000. *Id.* at 26-27. The FBI responded soon after, explaining that it had mailed a response the month before. *Id.* at 26. Mr. Soliman's counsel replied that she had not received the response and asked the FBI to send another copy, which the FBI agreed to do. *Id.* at 25. Mr. Soliman's counsel alleges that she did not receive that copy either. *Id.* at 24.

In May 2022, despite having not received the FBI's response, Mr. Soliman filed an appeal with the Department of Justice's Office of Information Policy ("OIP") "to the extent the [FBI had] rendered an adverse judgment or a determination of no records." *Id.* at 24. The office confirmed receipt of his appeal, *id.* at 32, and it affirmed the FBI's FOIA response in July 2022, *id.* at 34-35.

Meanwhile, in June 2022, Mr. Soliman submitted a new FOIA request to the TSC—and only to the TSC—seeking:

> The entirety of any file about Mr. Soliman maintained in the Terrorist Screening Dataset ("TSDS") and its predecessor, the Terrorist Screening Database ("TSDB"), including the record history and any archived TSDS/TSDB records;
>
> Records of communications between the TSC and Egyptian partners regarding Mr. Soliman;
>
> Records of remote queries of the TSDS/TSDB regarding Mr. Soliman;
>
> Records regarding Mr. Soliman maintained in the Encounter Management Application ("EMA"), including but not limited to records created or received on the following dates: 06/25/2019; 07/03/2019; 10/04/2019; 10/18/2019; 10/22/2019; 11/18/2019; 12/02/2019; 12/17/2019; 02/08/2021;
>
> Records of queries by TSC to Fusion Centers regarding Mr. Soliman and the resulting information received; [and]

> Records of requests to remove Mr. Soliman from the TSDS/TSDB received by or maintained by TSC.

ECF No. 1-6, at 1; *see* ECF No. 1 ¶ 8; ECF No. 13-4, at 41-42. On July 26, 2022, the FBI responded to Mr. Soliman's June 2021 request to the TSC and assigned it a case number (No. 1508332-001). ECF No. 13-4, at 45-46. The FBI informed Mr. Soliman that it had "reopened" his previous FOIA request "based on the additional information [he had] provided" and had conducted an additional search, but that it was still "unable to identify responsive records." *Id.* at 45. The FBI also sent another copy of its standard FOIPA Addendum, *id.* at 47-48, and it explained the process by which Mr. Soliman could submit an administrative appeal, *id.* at 46. Mr. Soliman did not administratively appeal the FBI's July 2022 decision. *See generally* ECF No. 1.

Mr. Soliman filed suit in March 2024. *Id.* In his complaint, Mr. Soliman argues that the TSC failed to respond to his October 2021 and June 2022 FOIA requests, *id.* ¶ 28 (alleging in Count I that "Defendant TSC has not responded to Plaintiff Soliman's request for records nor provided him with an estimated completion date"); *id.* ¶ 38 (alleging in Count II that "[b]y failing to respond to Plaintiff Soliman's request, Defendant TSC unlawfully withheld responsive records").[3] Mr. Soliman seeks declaratory and injunctive relief, as well as attorney's fees and costs. *Id.* at 7.

---

[3] Although Mr. Soliman's causes of action refer to the TSC's failure to respond to a "request" (singular), this court understands Mr. Soliman to challenge the TSC's alleged nonresponse to both his October 2021 and June 2022 requests (plural), and the D.C. Circuit's remand order appears to be premised on that same view. *See* ECF No. 1 ¶¶ 28, 32, 38; *see also id.* at 7 (prayer for relief seeking a declaration that the "TSC violated FOIA for its failure to respond to [the] request"); ECF No. 25, at 2 (asking whether the court's "summary judgment against [Mr.] Soliman included both of his requests to [the] TSC"). The TSC has not asserted that Mr. Soliman's complaint should be read more narrowly to only contest one, rather than both, requests.

The parties filed cross-motions for summary judgment. ECF Nos. 13, 16. After briefing, ECF Nos. 13, 15 to 18, 20, the court granted the TSC's motion for summary judgment and denied Mr. Soliman's cross-motion for summary judgment, ECF Nos. 21, 22. The court first rejected Mr. Soliman's argument that the TSC is a "separate agency" from the FBI with "separate obligations to meet the requirements set forth in FOIA." ECF No. 21, at 8 (quoting ECF No. 15, at 1). Instead, the court concluded "that the TSC is 'a subcomponent of the FBI,'" *id.* (quoting ECF No. 13-3 ¶ 6), and "that any request directed to a subcomponent of the FBI—like the TSC—is properly routed to and processed by the FBI's RIDS," *id.* at 9. The court further determined that Mr. Soliman was on notice that the FBI was processing his requests to the TSC because the FBI had responded to his June 2022 FOIA request, which had been directed solely to the TSC. *Id.* at 12.

Having concluded that the TSC is a subcomponent of the FBI, the court then considered Mr. Soliman's claims that the TSC violated FOIA by not responding to his October 2021 and June 2022 FOIA requests. *Id.* at 10-12; *see generally* ECF No. 1 (alleging only that *the TSC* failed to respond to his FOIA requests and not challenging the substance of *the FBI*'s responses to those requests). The court first assessed whether Mr. Soliman had administratively exhausted his claims concerning each request. The court determined that he had administratively exhausted any claim related to his combined October 2021 FOIA request by filing an administrative appeal with OIP. ECF No. 21, at 10. But, in light of the court's legal conclusion that the TSC, as a subcomponent of the FBI, has no independent obligation to respond to FOIA requests—and because, in his complaint, Mr. Soliman does not challenge the sufficiency of the FBI's response to his combined October 2021 request—the court concluded that there was nothing left for it to consider about Mr. Soliman's October 2021 request to the TSC. *Id.* Put another way, because Mr. Soliman's

complaint alleged only that *the TSC* had violated FOIA by failing to respond to his October 2021 request, ECF No. 1 ¶¶ 28, 38, and because the court had already concluded that *the TSC* is under no independent obligation to respond to FOIA requests, *see* ECF No. 21 at 9, the TSC was entitled to summary judgment concerning the October 2021 FOIA request directed to it.[4]

The court could have reached a similar merits conclusion about Mr. Soliman's June 2022 FOIA request, which was solely directed to the TSC and to which the FBI responded. But it determined as a threshold matter that Mr. Soliman had failed to administratively exhaust any claim related to that request. *Id.* at 10-12. Specifically, the court explained that the FBI's response to Mr. Soliman's June 2022 request was necessarily issued on behalf of the TSC because the June 2022 request was directed solely to the TSC, but that Mr. Soliman had not administratively appealed the FBI's disposition of the June 2022 request. *Id.*

Mr. Soliman then filed a notice of appeal to the D.C. Circuit. ECF No. 23. In April 2026, the Circuit issued an order remanding "the record" to this court because "several important, unresolved questions about the record . . . need[ed] to be clarified." ECF No. 25, at 1. First, the Circuit asked this court to specify the undisputed evidence supporting its conclusion that Mr. Soliman was on notice that the FBI had responded to his June 2022 FOIA request to the TSC. *Id.* at 1-2. Next, the Circuit asked this court to indicate whether its grant of summary judgment against Mr. Soliman encompassed his claim concerning his October 2021 FOIA request to the TSC. *Id.* at 2. Finally, concerning both the June 2022 and October 2021 requests to the TSC, the Circuit directed this court to order the TSC to provide a supplemental declaration "answer[ing] the question whether records generated or held by [the] TSC are part of the FBI's Central Records

[4] The court explained that "Mr. Soliman may still be able to file suit based on the FBI's response to his combined October 2021 FOIA request," but that any such claim was beyond the scope of his complaint. ECF No. 21, at 10 n.8.

System." *Id.* This court subsequently ordered the TSC to submit a revised declaration in response to the Circuit's record remand, Apr. 20, 2026 Minute Order, which the TSC did, ECF No. 26.

## II. DISCUSSION

The court addresses each of the D.C. Circuit's remand questions in turn. First, the Circuit directed the court to explain what undisputed evidence in the record demonstrates that "Mr. Soliman was on notice that the FBI's RID[S] had processed his [June] 2022 FOIA request . . . because it expressly told him so." *Id.* at 1-2 (quoting ECF No. 21, at 12).[5] The court's conclusion was based on the FBI's July 26, 2022 letter to Mr. Soliman. ECF No. 13-4, at 45-48.

As noted, Mr. Soliman submitted a second FOIA request to the TSC—and only the TSC—in June 2022. ECF No. 13-4, at 41-42. This request was forwarded to the FBI's RIDS for processing. ECF No. 13-3, at 6 n.3. On July 26, 2022, the FBI responded to Mr. Soliman's request, which it designated as No. 1508332-001. ECF No. 13-4, at 45 ("This is in response to your Freedom of Information/Privacy Acts (FOIPA) request."). The agency explained that it had reopened his original request (No. 1508332-000), conducted a new search, and found no responsive records. *Id.* at 45-48. The FBI's July 26, 2022 letter put Mr. Soliman on notice that the FBI had processed his June 2022 FOIA request directed to the TSC.

To begin, there can be no dispute that the FBI's July 26, 2022 response concerned Mr. Soliman's June 2022 request to the TSC because Mr. Soliman made no other FOIA requests between October 2021 and June 2022. In response to this common-sense conclusion, Mr. Soliman contends that "the FBI did *not* represent that this re-opening pertained in any way to the requests

[5] On page 12 of its opinion granting summary judgment, the court inadvertently referred to Mr. Soliman's 2022 request as having been filed in May 2022 when it had been filed in June 2022. *Compare* ECF No. 21, at 4 (describing Mr. Soliman's second request has having been filed in "June" 2022), *with id.* at 12 (characterizing his request as a "May 2022 request").

he sent to the TSC" and that he "received no response from the TSC." ECF No. 15, at 2. But—as the court has explained, ECF No. 21, at 7-9; *see supra* p. 6—there was no need for the FBI to make such a representation, and no separate need for the TSC to respond, because the FBI *is* the TSC for FOIA purposes.

Nor could the FBI's July 26, 2022 letter relate to Mr. Soliman's administrative appeal of his combined October 2021 FOIA request, because the FBI did not conduct its new search in response to the June 2022 request until July 22, 2022, four days *after* OIP had affirmed the FBI's decision concerning Mr. Soliman's combined October 2021 request. ECF No. 26 ¶¶ 12, 25. On Mr. Soliman's theory of his case, the FBI would not respond to a TSC-related request because the TSC is its own agency for FOIA purposes. ECF No. 16, at 3-5; *see* ECF No. 21, at 7-9 (rejecting Mr. Soliman's independent-agency argument). But the FBI's response belies that understanding; instead, the only reasonable interpretation of the FBI's July 26, 2022 letter is that the FBI's RIDS had processed Mr. Soliman's June 2022 FOIA request to the TSC.

To the extent Mr. Soliman is asserting that he did not subjectively know that the FBI's July 26, 2022 response concerned his June 2022 request to the TSC, that is irrelevant. The exhaustion inquiry cannot turn on a FOIA requester's subjective knowledge of a particular agency's structure or the plain implication of the agency's response—especially when the TSC's status as a subcomponent of the FBI is both a matter of public record, *see* ECF No. 21, at 8 & n.7 (citing an FBI publication explaining that the TSC is part of the FBI's National Security Branch), and binding circuit precedent, *see id.* at 8 (citing *Abdellatif v. U.S. Dep't of Homeland Sec.*, 109 F.4th 562, 564-65 (D.C. Cir. 2024) ("The [TSC is] a component of the FBI[.]"); *Ege v. U.S. Dep't of Homeland Sec.*, 784 F.3d 791, 793 (D.C. Cir. 2015) (explaining that the TSC is "administered" by the FBI")). The "purposes of exhaustion include 'preventing premature interference with

agency processes, . . . afford[ing] the parties and the courts the benefit of [the agency's] experience and expertise, . . . [and] compil[ing] a record which is adequate for judicial review.'" *Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, 910 F.3d 1232, 1239 (D.C. Cir. 2018) (alterations in original) (quoting *Hidalgo v. Fed. Bureau of Investigation*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)). Endorsing the logic of Mr. Soliman's position—that a FOIA requester can avoid exhaustion by claiming that he did not know, or chose not to learn, how an agency processes records requests—would undermine the rationale for requiring administrative exhaustion in the first place.

Accordingly, if Mr. Soliman believed that his June 2022 FOIA request should have been handled by the TSC directly, he could have and should have raised the issue in an administrative appeal. Such an appeal goes to the Department of Justice, and it is the Department of Justice that designates what is a "component" for purposes of handling FOIA requests. 28 C.F.R. § 16.1(b). Instead, Mr. Soliman brought suit contending that he had never received a response to his June 2022 FOIA request—a statement he maintains throughout summary judgment. ECF No. 15-1 ¶ 9 ("Plaintiff Soliman denies he received any response from Defendant TSC to his second [FOIA] request."). Mr. Soliman's failure to appeal the FBI's July 26, 2022 response to his June 2022 FOIA request denied "the agency an opportunity to respond" and precludes judicial review. *Magassa v. Transp. Sec. Admin.*, No. 22-5155, 2023 WL 8826564, at *3 (D.C. Cir. Dec. 21, 2023). Accordingly, and in response to the D.C. Circuit's first inquiry, ECF No. 25, at 1-2, the court concludes that granting summary judgment against Mr. Soliman concerning his

June 2022 FOIA request to the TSC was appropriate because Mr. Soliman failed to exhaust his administrative remedies.[6]

Next, the Circuit asked for clarification "whether [the court's] summary judgment against [Mr.] Soliman included both of his requests to [the] TSC." *Id.* at 2. This court clarifies that its judgment against Mr. Soliman encompassed both his October 2021 and June 2022 FOIA requests directed to the TSC, but for different reasons. As explained, the court ruled against Mr. Soliman concerning his June 2022 FOIA request because he had failed to exhaust his administrative remedies. With regard to Mr. Soliman's October 2021 request directed to the TSC, the court was—and is—of the view that, given its holding that the TSC is a subcomponent of the FBI for purposes of FOIA, the TSC was under no independent obligation to respond to his request; instead, the FBI's February 2022 response sufficed to resolve *both* his October 2021 request directed to the TSC and his October 2021 request directed to the FBI. ECF No. 21, at 7-9; *see supra* p. 6. And because Mr. Soliman's complaint did not challenge the substance of *the FBI*'s response to his combined October 2021 FOIA requests, *see generally* ECF No. 1, no further analysis was required to rule against Mr. Soliman concerning his October 2021 FOIA request directed to the TSC.

To be sure, in their summary judgment briefing, both parties addressed the merits of the FBI's responses to Mr. Soliman's October 2021 and June 2022 FOIA requests. *See* ECF No. 13-2, at 4-12; ECF No. 15, at 6-11; ECF No. 16, at 6-7; ECF No. 17, at 2-5. But "[i]t is well-established in this district that a plaintiff cannot amend his Complaint in an opposition to a defendant's motion

---

[6] As the court has noted, *see supra* p. 7, it could have ruled against Mr. Soliman on the merits of his June 2022 request. In his complaint, Mr. Soliman challenges only the TSC's *failure* to respond. ECF No. 1 ¶¶ 28-29 (alleging that the "TSC has not responded to Plaintiff Soliman's request for records"); *id.* ¶¶ 38-39 (asserting that the TSC "fail[ed] to respond to Plaintiff Soliman's request"). The court's conclusion that the TSC is a subcomponent of the FBI for FOIA purposes, ECF No. 21, at 7-9, means that the TSC was under no separate obligation to respond to Mr. Soliman's June 2022 request, and dooms the claims Mr. Soliman brings in his complaint.

for summary judgment." *Petrucelli v. Dep't of Just.*, 453 F. Supp. 3d 126, 135 (D.D.C. 2020) (alteration in original) (quoting *Jo v. District of Columbia*, 582 F. Supp. 2d 51, 64 (D.D.C. 2008)); *accord Bean v. Perdue*, 316 F. Supp. 3d 220, 226 (D.D.C. 2018) ("[A] party may not amend its complaint or broaden its claims through summary judgment briefing." (quoting *District of Columbia v. Barrie*, 741 F. Supp. 2d 250, 263 (D.D.C. 2010))). Given the odd framing of complaint, the court explained that Mr. Soliman "may still be able to file suit based on *the FBI*'s response to his combined October 2021 FOIA request because he exhausted his administrative remedies,"[7] but it concluded that "such a claim is outside the ambit of this suit, which is based solely on the erroneous premise that the TSC failed to respond to his FOIA requests *at all*." ECF No. 21, at 10 n.8.[8]

Finally, the Circuit noted that the TSC's declaration from Michael G. Seidel, which "detail[ed] FBI procedures for searching the FBI's Central Records System in response to FOIA requests," "fail[ed] to answer the question whether records generated or held by [the] TSC are part of [that system]." ECF No. 25, at 2; *see* ECF No. 13-3. The Circuit therefore directed this court to "order the defendant to provide a sworn declaration answering that question." ECF No. 25, at 2. Upon the record remand, this court requested such a declaration, *see* Apr. 20, 2026 Minute Order,

---

[7] Nor would Mr. Soliman be barred by FOIA's statute of limitations from doing so. *See* 28 U.S.C. § 2401; *Spannaus v. U.S. Dep't of Just.*, 824 F.2d 52, 55-56 (D.C. Cir. 1987), *abrogated on other grounds by Jackson v. Modly*, 949 F.3d 763, 777-78 (D.C. Cir. 2020). Alternatively, once the TSC filed its motion for summary judgment, Mr. Soliman was on notice that the TSC believed that it *had* responded to his FOIA requests through the FBI's responsive letters. At that point, the Federal Rules of Civil Procedure allow a plaintiff like Mr. Soliman to seek leave to bring new claims or clarify old ones: a Rule 15 amendment. *Cf. Feinman v. Fed. Bureau of Invest.*, 269 F.R.D. 44, 47 n.1, 51-53 (D.D.C. 2010) (granting the plaintiff leave to amend in a FOIA case after the parties had "previously filed cross-motions for partial summary judgment"). But Mr. Soliman did not seek leave to file an amended complaint.

[8] Accordingly, when the court observed that "Mr. Soliman did not file suit based on" the combined October 2021 request, ECF No. 21, at 10, it meant that he had not challenged the substance of the FBI's response.

which the TSC promptly submitted, ECF No. 26. In the declaration, Isabel Marie Lara, the Acting Section Chief of the FBI's RIDS, ECF No. 26 ¶ 1, explains that the FBI's Central Records System ("CRS") includes records that are generated or held by the TSC, *id.* ¶¶ 16-17 & n.4. Specifically, Ms. Lara states that "the CRS is the FBI system of records used by all agency offices and subcomponents and *would include TSC records* pertaining to the FOIA subject should any exist." *Id.* ¶ 16 n.4 (emphasis added). Agency affidavits "enjoy a presumption of good faith," *Ground Saucer Watch, Inc. v. Cent. Intel. Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981), and this court is satisfied that the FBI's searches of the CRS would include any TSC records responsive to Mr. Soliman's October 2021 and June 2022 FOIA requests directed to the TSC.

## III. CONCLUSION

For the foregoing reasons, the court (1) concludes that the FBI's July 26, 2022 letter put Mr. Soliman on notice that the FBI had processed his June 2022 FOIA request directed to the TSC; (2) clarifies that its order granting summary judgment against Mr. Soliman concerned both his October 2021 and June 2022 FOIA requests directed to the TSC; and (3) is satisfied that TSC records are part of the FBI's CRS. It is hereby **ORDERED** that the Clerk of Court shall promptly transmit a copy of this order to the D.C. Circuit.

LOREN L. ALIKHAN
United States District Judge

Date: September 2, 2026